# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
TATAMEAKE MACKLIN, Individually and as ASSIGNEE of HAPPY CHILD
TRANSPORTATION LLC, ALL STAR BUS SERVICE CO., LLC and
LEVANDER POLK,

                          Plaintiff/Petitioner,

        - against -                                            Index No. 652230/2020

LEXINGTON INSURANCE COMPANY and
SPARTA INSURANCE COMPANY,

                          Defendant/Respondent.
------------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
> New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your
  documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a
  scanner or other device to convert documents into electronic format, a connection
  to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 6/12/20

Brian J. Isaac, Esq.
_____
Name
Pollack Pollack Isaac & DeCicco, LLP
_____
Firm Name

225 Broadway, 3rd Floor
_____
New York, NY 10007
_____
Address

212-233-8100
_____
Phone

bji@ppid.com
_____
E-Mail

To:   Please see attached Affidavit

of Service

2/24/20

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM        INDEX NO. 652230/2020
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 06/03/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X     Index #
TAMEAKE MACKLIN, Individually and as ASSIGNEE              Date Filed:
of HAPPY CHILD TRANSPORTATION LLC, ALL STAR
BUS SERVICE CO., LLC and LEVANDER POLK,

                                  **SUMMONS**

                         Plaintiffs,        Plaintiff designates
                                    *New York County* as the
     -against-                                    place of trial.

LEXINGTON INSURANCE COMPANY and               *Plaintiff* resides at
SPARTA INSURANCE COMPANY,                      60 Clarkson Avenue
                                   Brooklyn, New York 11226.
                     Defendants.
------------------------------------------------------------------------X

     **YOU ARE HEREBY SUMMONED,** to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorney(s) within twenty (20) days after service of the summons,

exclusive of the day of service (or within 30 days after service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded in the complaint.

**Dated:**      **New York, New York**
               **June 3, 2020**

                             Yours, etc.
                             **KOENIGSBERG & ASSOCIATES, PC**
                             **Attorneys for Plaintiff**

    **By:**    _____
               **Brian J. Isaac, Esq.**
               **POLLACK POLLACK ISAAC & DECICCO, LLP**
               **Special and Appellate Counsel**
               **225 Broadway, 3rd Floor**
               **New York, New York 10007**
               **Tel: 212-233-8100**

                           1

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

**TO:**

**Clerk of the Court**

**Sparta Insurance Company**
**5 Batterson Park Road**
**Farmington, CT 06032**
**Tel: 860-773-3410**

**cc: John D. McKenna, Esq.**
     **L'Abbate, Balkan, Colavita & Contini, LLP**
     **Attorneys for Sparta Insurance Company**
     **1001 Franklin Avenue**
     **Garden City, NY 11530**
     **Tel: 516-294-8202**

**Amber Bishop, Claims Manager**
**Capacity Group of NY, LLC**
**1 Blue Hill Plaza**
**Pearl River, NY 10965**

     **Lexington Insurance Company**
     **80 Pine Street, 10th Floor**
     **New York, NY 10038**

**c/o Charmaine Brooks**
     **AIG Property Casualty Express Claims**
     **P.O. Box 1006**
     **Shawnee Mission, KS 66225**

**cc: Robert W. DiUbaldo, Esq.**
     **Nora A. Valenza-Frost, Esq.**
     **Carlton Fields**
     **Attorneys for Lexington Insurance Company**
     **405 Lexington Avenue, 36th Floor**
     **New York, NY 10074**
     **Tel: 212-785-2577**

2

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X   Index #

TAMEAKE MACKLIN, Individually and as  ASSIGNEE
of HAPPY CHILD TRANSPORTATION LLC, ALL STAR
BUS SERVICE CO., LLC and LEVANDER POLK,

**VERIFIED COMPLAINT**

Plaintiffs,

    -against-

LEXINGTON INSURANCE COMPANY and
SPARTA INSURANCE COMPANY,

                            Defendants.

-------------------------------------------------------------------X

      Plaintiff, by her attorneys, Koenigsberg & Associates, by and through Pollack Pollack Isaac

& DeCicco, LLP, special counsel, complaining of the defendants, respectfully allege as follows:

### GENERAL FACTS

    1.    The plaintiff, Tameake Macklin (the "plaintiff") is a resident of the State of New York

residing in Kings County.

    2.    That upon information and belief, the defendant, Lexington Insurance Company

("Lexington"), is a corporation authorized to do business in the State of New York.

    3.    That upon information and belief, Lexington is a business entity authorized to do

business in the State of New York.

    4.    That upon information and belief, Lexington is a joint venture authorized to do

business in the State of New York.

    5.    That upon information and belief, Lexington is a foreign corporation authorized to do

business in the State of New York.

    6.    That upon information and belief, Lexington is a foreign company authorized to do

business in the State of New York.

3

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

7.      That upon information and belief, Lexington is an entity that does business in the State of New York.

8.      That upon information and belief, Lexington is a company that provides insurance to entities, businesses and/or individuals in the State of New York.

9.      That upon information and belief, Lexington provides liability insurance policies to businesses, companies and to individuals in the State of New York.

10.     That upon information and belief, Lexington is a member of the AIG Group of Insurance Companies and is owned by AIG Property Casualty U.S. Inc. ("AIG") and currently maintains its statutory home office at 80 Pine Street, 10th Floor, New York, New York 10038.

11.     That upon information and belief, the defendant Sparta Insurance Company ("Sparta"), is a domestic corporation authorized to do business in the State of New York.

12.     That upon information and belief, Sparta is a business entity authorized to do business in the State of New York.

13.     That upon information and belief, Sparta is a joint venture doing business in the State of New York.

14.     That upon information and belief, Sparta is a foreign corporation/company authorized to do business in the State of New York.

15.     That upon information and belief, Sparta is a foreign business authorized to do business in the State of New York.

16.     That upon information and belief, Sparta is an entity that does business in New York.

17.     That upon information and belief, Sparta is owned by Catalina Holdings (Bermuda, Ltd.)

18.     That upon information and belief, Sparta is owned by Catalina U.S. Insurance

4

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

Services LLC.

19.     That upon information and belief, Sparta maintains an office to do business at 5 Batterson Park Road, Farmington, CT 06032.

20.     That upon information and belief, Sparta issues insurance policies to various persons, entities and/or businesses in the State of New York.

21.     That upon information and belief, Sparta issues liability insurance policies to various entities, business or companies doing business in the State of New York.

22.     That upon information and belief, Lexington issued a commercial umbrella liability policy No. 038183136 to Happy Child Transportation LLC ("Happy Child") that was effective from June 25, 2013 to June 25, 2014. The Lexington policy had liability limits of $4,000,000 per occurrence and $4,000,000 in the aggregate.

23.     That upon information and belief, Sparta issued a package insurance policy to Happy Child; bearing policy number 031CP00251 for the period of January 1, 2014 to January 15, 2015 (the "Sparta policy"). The Sparta policy included a business auto coverage form which provided $1,000,000 in liability coverage.

24.     That upon information and belief, Progressive Insurance Company issued a policy that provided coverage to Happy Child, Altfest Auto Leasing Inc. ("Altfest"), All Star Bus Service Co. ("All Star"), and Levander Polk ("Polk") in an action brought by plaintiff in the Supreme Court, Kings County entitled Macklin v. Altfest, et al, Index No. 241/2015 (the "underlying personal injury action").

**THE UNDERLYING PERSONAL INJURY ACTION**

25.     That on May 5, 2015, plaintiff was injured when a bus that she was in, which was being operated by Mr. Polk, came in contact with a vehicle driven by Jasmine T. Williams ("Ms.

5

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

Williams").

26.    That plaintiff was represented by Koenigsberg & Associates, PC in the underlying personal injury action.

27.    That Altfest, Happy Child, All Star and Polk were represented by the Donohue Law Firm, PC in the underlying action.

28.    That Ms. Williams was represented by the Law Firm of Richard T. Lau & Associates in the underlying personal injury action.

29.    That the underlying personal injury action was tried in the Supreme Court, Kings County before Justice Loren Baily-Schiffman.

30.    That on October 4, 2019, the jury rendered a liability verdict in favor of the plaintiff, apportioning 85% fault to defendants Altfest, Happy Child, All Star and Polk and 15% to defendant Williams.

31.    That after the liability trial, defendant Williams subsequently settled her underlying personal injury action with plaintiff, taking into account a reduction of 15% pursuant to a judgment of liability entered in the trial court.

32.    That subsequent to the liability verdict, defendants Altfest, Happy Child, All Star and Polk agreed that the damages trial and all issues relating thereto would be conducted by the court as a non-jury trial.

33.    That the court conducted said non-jury trial and subsequently found that plaintiff was entitled to the following damage awards against defendants Altfest, Happy Child, All Star and Polk: $2,000,000 for past pain and suffering; $4,000,000 for future pain and suffering; $290,000 for future lost wages; and $1,000,000 for future medical expenses leaving a total award of $7,290,000.

34.    That, previously, Altfest, Happy Child, All Star and Polk those parties had entered

6

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

INDEX NO. 652230/2020

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 06/03/2020

into a high-low agreement in which plaintiff could not receive less than $1,000,000 with respect to any jury verdict and not more than $6,000,000 with respect to such verdict. with any verdict in the middle being compensable on a dollar for dollar basis. The high-low agreement also stipulated that the Court's decision would be final and that there would be no further motions, no post-trial motions and no appeals.

35.     That pursuant to the jury's verdict, the $7,290,000 verdict was reduced to $6,000,000 and a judgment (**Exhibit A)** in the amount of $6,031,475.00 was entered in the Office of the Clerk on October 22, 2019 against Altfest, Happy Child, All Star and Polk.[1]

36.     That Progressive, in satisfaction of its contractual duties to the defendants in the underlying personal injury action, paid its $1,000,000 primary policy in satisfaction of its obligations.

**THE ASSIGNMENT OF DEFENDANTS' RIGHTS TO PLAINTIFF**

37.     That on or about December 11, 2019, defendants in the underlying personal injury action, Happy Child, All Star and Polk, assigned to the plaintiff "all their rights, title and interest in and to any and all claims including those for bad faith, contractual indemnification, wrongful disclaimer, contractual contribution, common law contribution, and any other claims they might have against any insurance company and/or any other person or persons, arising out of the manner in which that entity has provided insurance coverage, underlying insurance, excess insurance coverage, stacking insurance, concurrent insurance and/or for defense and/or indemnification" by means of a written assignment executed on December 11, 2019.

38.     That the assignment of rights annexed hereto as **Exhibit B** is a true and correct copy of the document where Happy Child, Polk and All Star assigned their rights to the plaintiff.

39.     That by reason of the assignment, plaintiff secured standing to bring any claim

---

[1] A copy of the judgment is annexed hereto as **Exhibit A**.

7

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

possessed by Polk, All Star and/or Happy Child dealing with insurance coverage issues.

40.    That by virtue of the assignment, plaintiff stands in the shoes of the assigning defendants and is in direct privity with the defendant insurers as a matter of law.

## THE UNDERLYING DISCLAIMERS AND THE CORRESPONDENCE BETWEEN THE INSURERS AND THIRD PARTIES INCLUDING REPRESENTATIVES OF THE PLAINTIFF

41.    That on or about October 1, 2019, Lexington, through AIG Property Casualty Excess Claims ("AIG"), purported to disclaim liability with respect to Happy Child by means of a correspondence, a copy of which is annexed hereto as **Exhibit C**.

42.    That while Lexington posited that there was "no coverage under the above-mentioned Lexington policy" it never disclaimed on the grounds of late notice instead "reserve[ing] all rights regarding late notice."

43.    That an insurer's justification for denying coverage is strictly limited to those grounds stated in the notice of disclaimer (General Accident Ins. Group v. Cirucci, 46 NY2d 862 [1979]).

44.    That a notice of disclaimer must advise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated (Vanegas v. Nationwide Mut. Fire Ins. Co., 282 AD2d 671 [2d Dept. 2001]).

45.    That an insurer that fails to state a basis for disclaiming in a disclaimer letter waives the right to assert such ground in a declaratory judgment action (Vanegas v. Nationwide Mut. Fire Ins. Co., supra; Eagle Ins. Co. v. Ortega, 251 AD2d 282 [2d Dept. 1998]).

46.    That there is a recognized difference between a disclaimer and a reservation of rights under New York Law. See, QBE Ins. Corp. v. Jinx-Proof Inc., 22 NY3d 1105 [2014].

47.    That a reservation of rights is not congruent with a disclaimer which must be "unequivocal" and "unambiguous" (QBE Ins. Corp. v. Jinx-Proof Inc., supra).

8

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM    INDEX NO. 652230/2020

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 06/03/2020

48.    That under New York Law, a letter or writing that describes itself as a "reservation of rights" but which contains "expressly contradictory language suggesting disclaimer" is not a "valid disclaimer" (QBE Ins. Corp. v. Jinx-Proof Inc., supra).

49.    That, as a matter of law, the AIG letter of October 1, 2019 is not an effective disclaimer with respect to any late notice claim as a matter of law.

50.    That, in addition, Insurance Law §3420(a)(5) provides that "a provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide timely notice has prejudiced the insurer, except as provided in paragraph 4 of this subsection."

51.    That Insurance Law §3420(c)(2)(A) provides "in any action in which an insurer alleges it was prejudiced as a result of a failure to provide timely notice, the burden of proof shall be on: (i) the insurer to prove that it has been prejudiced, if the notice was provided within 2 years of the time required under the policy; or (ii) the insured, injured person or other claimant to prove that the insurer has not been prejudiced, if the notice was provided more than 2 years after the time required under the policy."

52.    That Insurance Law §3420(c)(2)(B) provides "notwithstanding subparagraph (A) of this paragraph, an irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined that a court of competent jurisdiction or by binding arbitration; or if the insured has resolved the claim by suit or settlement or other compromise."

53.    That, Insurance Law §3420(c)(2)(C) provides "the insurer's rights shall not be deemed prejudiced unless the failure to timely provide notice materially impairs the ability of the insurer to investigate or defend the claim."

54.    That, in the case at bar, Lexington cannot establish prejudice because the result in the

9

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

underlying personal injury litigation would not have changed if Lexington was given sooner notice of the claim and suit as allegedly required by the policy. Lexington's insured(s) were indeed represented throughout the course of the litigation by counsel appointed by Progressive Insurance. Furthermore, Lexington had full opportunity to appoint new or additional counsel before and during the trial to take over or additionally participate in the trial.

55.     That, plaintiff's counsel notified Lexington of the claim prior to its final disposition.

56.     That, in addition, plaintiff's counsel notified Lexington about the disposition of the case as it related to jury selection and trial in a letter dated September 18, 2019 (a copy of which is annexed hereto as **Exhibit D)** to which Lexington, through AIG, responded in a letter dated October 1, 2019 (a copy of which is annexed hereto as **Exhibit E)**.

57.     That the letter Lexington sent to plaintiff's counsel on October 1, 2019 was prepared in the ordinary course of Lexington's business.

58.     That on or about October 4, 2019, plaintiff's counsel sent Lexington a letter informing the latter of the conclusion of the trial which letter contained an offer of settlement (a copy of the letter is annexed hereto as **Exhibit F)**.[2]

59.     That Lexington received the letter of October 4, 2019 in the regular course of its business.

60.     That upon information and belief, defense counsel notified Lexington on several occasions before and during the trial regarding trial matters.

61.     That Lexington's disclaimer letter of October 1, 2019 notes that plaintiff testified at her deposition that she applied for and received Worker's Compensation benefits as a Happy Child employee for the subject accident and that "plaintiff was in the course and scope of her employment

---

[2] A copy of this letter is annexed hereto as (**Exhibit F**).

10

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

with Happy Child and received Worker's Compensation benefits for the subject accident."

62.     That the October 1, 2019 disclaimer letter states that coverage was precluded because the evidence confirms that "plaintiff was in the course and scope of her employment with Happy Child and received Worker's Compensation benefits for the subject accident" such that the exclusion for "employer's liability" precluded a claim for "bodily injury" as a result of any "employment by the insured" arising in the "course of" the insured's employment or while "performing duties related to the conduct of the insured's business."

63.     That, thereafter, plaintiff was awarded a judgment against Altfest, Happy Child, All Star and Polk in the underlying action, which would have been unavailable had there been a valid Worker's Compensation defense, and such that the insurer is bound by that determination. See, Lang v. Hanover Ins. Co., 3 NY3d 350 [2004], especially insofar as the parties to the litigation agreed that there would be no post-trial motions or appeals of the Court's determination.

64.     That, in addition thereto, Lexington asserted that because Sparta disclaimed coverage, there was no coverage under the Lexington policy which required "that any applicable primary and/or underlying insurance be exhausted before any defense or and/or indemnification obligation exists."

65.     That Lexington's disclaimer letter of October 1, 2019 provides that "the policy is in excess of a $1,000,000 primary policy with Sparta Insurance Co." However, the Lexington policy specifies that that it is excess to $1 million in primary coverage indicating that its indemnity and defense provisions apply after that reserve is used up or extinguished.

66.     That Lexington also claimed in that letter that the coverage provided by this policy "will be no broader than the coverage provided by 'scheduled of underlying insurance'" such that there was no coverage which was "in any way subject to a sublimit which is less than the limits of insurance of such 'scheduled of underlying insurance'".

11

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

67.     That the provisions of the Lexington policy that "followed form" did not constitute an exclusion that authorized Lexington to disclaim coverage based on Sparta's disclaimer. See generally, XL Ins. Am. Inc. v. Howard Hughes Corp., 154 AD3d 505 [1st Dept. 2017].

68.     That the terms of the Lexington policy did not constitute a valid basis to disclaim on the ground that it required Lexington to "drop down" (Ambassador Assoc. v. Corcoran, 79 NY2d 871 [1992]; Pergament Distributors v. Old Republic, 128 AD2d 760 [2d Dept. 1987]) inasmuch as the clause, as written, did not constitute an exclusion under "contra-insurer" rules of construction. See, Liverpool & London & Globe Ins. Co. v. Kearney, 180 U.S. 132, 135-136 [1901]; Breed v. Insurance Co. of North America, 46 NY2d 351, 353 [1978]; Matthews v. American Central Insurance Co., 154 NY 449, 456-457 [1897].

69.     That, in any event, even assuming that Lexington is not liable to pay on its policy unless and until the $1,000,000 limit of insurance set forth in the Sparta policy is paid, plaintiff can bridge that "gap" by securing funding to satisfy Sparta's payment obligation thereby "triggering" the coverage provisions of the Lexington policy. See generally, Zeig v. Mass. Bonding & Ins. Co., 23 F2d. 665 [2d Cir. 1928]; Pereira v. National Union Fire Ins. Co., 525 F.Supp.2d 370 [SDNY 2007].

70.     That, for the foregoing reasons, Lexington's disclaimer and declination to provide coverage is wrong and not congruent with New York case law on point.

71.     That Sparta disclaimed coverage by means of a letter dated September 27, 2019, a copy of which is annexed hereto as (**Exhibit G**).

72.     That the Sparta disclaimer letter does not unambiguously disclaim coverage on the ground that the automobile that plaintiff was riding in at the time of the accident was not subject to "coverage under Symbol 7 of the specifically described autos."

73.     That Sparta disclaimer letter was predicated upon purported exclusions in the policy

12

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

that excluded coverage for employees of Happy Child who were injured within the scope of their employment and for late notice (See pgs. 4-5 of disclaimer letter).

74.     That, thereafter, plaintiff was awarded a judgment against Altfest, Happy Child, All Star and Polk, which would have been unavailable had there been a valid Worker's Compensation defense, and that the insurer is bound by that determination. As a result, plaintiff secured a judgment against Happy Child negating any finding that plaintiff was acting within the scope of her employment at the time of the accident, inasmuch as Worker's Compensation would provide an exclusive defense to any such claim as a matter of law. See, Macchirole v. Giamboi, 97 NY2d 147 [2001]; Heritage v. Van Patten, 59 NY2d 1017 [1983].

75.     That, in fact, Sparta was notified of this claim June of 2014 which was acknowledged by Gallagher Bassett-Capital City in a formal correspondence, a copy of which is annexed hereto as (Exhibit H).

76.     That, while it has been held that a notice provided under a Worker's Compensation policy does not constitute notice under a liability policy even where both policies are written by the same carrier (Sorbara Constr. Corp. v. AIU Ins. Co., 11 NY3d 805 [2008]; Nationwide Ins. Co. v. Empire Ins. Group, 294 AD2d 546 [2d Dept. 2002]), based upon the totality of the circumstances disclosed by this record, Sparta did secure written notice of the claim within the meaning of the insurance policy as construed by New York State law. See, Cirone v. Tower Ins. Co. of NY, 39 AD3d 435 [1st Dept. 2007]: Appel v. Allstate Ins. Co., 20 AD3d 367 [1st Dept. 2005]; Lauritano v. American Fidelity Fire Ins. Co., 3 AD2d 564 [1st Dept. 1957], affd. 4 NY2d 1028 [1958]; Aetna Cas. & Sur. Co. v. National Union Fire Ins. Co., 251 AD2d 216, 220 [2d Dept. 1998]; Mount Vernon Fire Ins. Co. v. NIBA Constr., 195 AD2d 425, 427 [1st Dept. 1993]; National Grange Mut. Ins. Co. v. Diaz, 111 AD2d 700, 701 [1st Dept. 1985]; Jenkins v. Burgos, 99 AD2d 217, 221 [1st Dept. 1984].

13

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

77.     That on January 17, 2020, a representative of plaintiff contacted the defendant carriers, informing them of the judgment and requesting payment of the outstanding balance (a copy of that letter is annexed hereto as (**Exhibit I**).

78.     That, by separate correspondences dated January 31, 2020 (**Exhibit J**) and the February 4, 2020 (**Exhibit K**), Lexington and Sparta adhered to their prior position that they were not obligated to indemnify any of the defendants in the underlying personal injury actions under the terms of their policies.

79.     That, in the case at bar, Sparta cannot establish prejudice because the result in the underlying personal injury litigation would not have changed if Sparta was given sooner notice of the claim in suit as allegedly required by the policy. Sparta's insured[s] were indeed represented throughout the course of the litigation by appointed counsel and Sparta had full opportunity to appoint new or additional counsel before and during the trial or take over or additionally participate in the trial.

80.     That, plaintiff's counsel notified Sparta of the claim prior to its final disposition.

81.     That, in addition, plaintiff's counsel notified Sparta about the disposition of the case as it related to jury selection and the trial.

82.     That Sparta had full opportunity to appoint new or additional counsel before and during the trial to take over or additionally participate in the trial.

## AS AND FOR A FIRST CAUSE OF ACTION

83.     Plaintiff repeats, reiterates and realleges each and every claim, allegation and assertions set forth in paragraphs 1-82 as if set forth herein at length.

84.     That Insurance Law §3420 permits a plaintiff who has secured a judgment against a

14

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

defendant to bring a direct action against the defendant's insurer where the insurer fails to satisfy the judgment, in whole or in part, within 30 days after the insurer receives notice of the demand for payment.

85.     That defendants were notified of the judgment and a demand for payment was made by plaintiff's counsel.

86.     That defendants did not make payment within 30 days triggering application of the statute.

87.     That, as a result of the foregoing, plaintiff is entitled to judgment against the defendant in the amount of $6,031,475.00 minus any collateral source payments made by other insurers/parties.

## AS AND FOR A SECOND CAUSE OF ACTION

88.     Plaintiff repeats, reiterates and realleges each and every claim, allegations and assertion set forth in paragraphs 1-87 as if set forth herein and at length.

89.     That, plaintiff, as an assignee of the rights of the defendants Happy Child, All Star and Polk, succeeds to the rights that those entities had to bring claim for bad faith and/or breach of contract with respect to the insurance policies issued by the defendants.

90.     That, for the reasons set forth previously, the defendant's insurance policies were triggered and provided coverage for the claims made in the underlying personal injury action.

91.     That, defendants, as insurance carriers licensed to issue insurance policies in the State, had an implied obligation to protect the interests of their insureds as a matter of law (Gordon v. Nationwide Mut. Ins. Co., 30 NY2d 427 [1972]; Best Bldg. Co. v. Employers' Liability Assurance Co., 247 NY 451 [1928]; Brassil v. Maryland Casualty Co., 210 NY 235, 241 [1914]).

92.     That, based upon the foregoing, defendants were on notice of the strength of plaintiff's claim and the fact that it would greatly exceed the limits of the primary policies they had issued such

15

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

that allowing the case to go to verdict would almost certainly result in a judgment that was well in excess of the underlying insurance that was then available to the defendants in the underlying personal injury action.

93.     That defendant carriers had full opportunity to participate in the subject trial, including appointment of replacement or additional counsel to join in the defense.

94.     That defendant's failure to acknowledge coverage, engage in good faith settlement negotiations, and make attempts to settle the matter amounted to a "gross disregard" of the insured's interests that constituted a deliberate or reckless failure to place on equal footing the interest of the insured with the interest of the defendants (Pavia v. State Farm Mut. Auto Ins. Co., 82 NY2d 445 [1993]).

95.     That, as a result, defendants engaged in a bad faith refusal to settle the action which entitles plaintiff, as assignee of the defendants in the underlying personal injury action, to pursue this bad faith claim.

96.     That, as a result of the foregoing, plaintiff has been damaged in the amount of $6,031,475.00 minus any collateral source or payments made by insurers/parties to date.

**WHEREFORE,** for the foregoing reasons, plaintiff demands judgment on the first and second causes of action in the amount of $6,031,475.00 minus any collateral source payments made by insurers/parties to date, and for any other, further or different relief as this Court may seem just, proper and equitable.

**Dated:**     **New York, New York**
               **June 3, 2020**

_Brian J._

_____
        **Brian J. Isaac, Esq.**

16

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

Index No.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

TAMEAKE MACKLIN, Individually and as ASSIGNEE of HAPPY CHILD
TRANSPORTATION LLC, ALL STAR BUS SERVICE CO., LLC and LEVANDER POLK,

<center>Plaintiffs,</center>

-against-

LEXINGTON INSURANCE COMPANY and SPARTA INSURANCE COMPANY,

<center>Defendants.</center>

## SUMMONS & VERIFIED COMPLAINT

<center>

**KOENIGSBERG & ASSOCIATES**
**POLLACK POLLACK ISAAC & DECICCO, LLP**
*Attorneys for Plaintiff*
225 Broadway, 3rd Floor
New York, NY 10007
(212) 233-8100

</center>

To:
Attorney(s) for

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts
of New York State, certifies that, upon information and belief and reasonable inquiry, the
contention contained in the annexed document are not frivolous.*

*Dated*: June 3, 2020          *Signature*: _____

                              *Print Signer's Name*: _____

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 2

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

TAMEAKE MACKLIN,                                    Index No.: 241/15

        Plaintiff,

    -against-                                      *JUDGMENT*

ALTFEST AUTO LEASING, INC., HAPPY CHILD
TRANSPORTATION, L.LC., ALL STAR BUS SERVICE CO.,
LLC, LEVANDER POLK and JASMINE T. WILLIAMS,

        Defendants.
-------------------------------------------------------------------X

      This matter, having appeared on October 3, 2019 before Judge Loren Baily-Schiffman
wherein the court granted partial summary judgment in favor of plaintiff against all defendants and
on October 4, 2019 the jury rendered a liability verdict of 85% in favor of plaintiff against
defendants ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION, L.LC.,
ALL STAR BUS SERVICE CO., LLC and LEVANDER POLK and a liability verdict of 15% in
favor of plaintiff against defendant JASMINE T. WILLIAMS, and the action against defendant
JASMINE T. WILLIAMS was subsequently settled and on October _____10_____, 2019,
taking into account a reduction of 15%, this court rendered, by agreement between the parties,
rendered a non-jury net verdict against defendants ALTFEST AUTO LEASING, INC., HAPPY
CHILD TRANSPORTATION, L.LC., ALL STAR BUS SERVICE CO., LLC and LEVANDER
POLK in favor of the plaintiff on the issue of damages as follows :

the sum of *two million* dollars ($ 2,000,000 )
for past pain and suffering,

the sum of *four million* dollars ($ 4,000,000 )
for future pain and suffering,

the sum of *two hundred ninety thousand* dollars ($ 290,000 )
for future lost wages, and

the sum of *one million* dollars ($ 1,000,000 )
for future medical expenses.

Total amount of damages is the sum of *seven million two hundred ninety thousand* dollars ($ 7,290,000 )

NOW, upon the motion of Koenigsberg & Associates, P.C., attorneys for plaintiff, it is

Case 1:20-cv-05372-ER   Document 1-1   Filed 07/13/20   Page 23 of 126

ADJUDGED, that,

Based upon the high-low agreement of $1,000,000.00 -$6,000,000.00 entered into by the parties before

this court, the verdict is adjusted accordingly, and it is ADJUDGED that TAMEAKE MACKLIN,

residing at 60 CLARKSON AVENUE, Brooklyn, NY 11226 against defendants ALTFEST AUTO

LEASING, INC., residing at 1250 Broadway, Hewlett NY 11557 HAPPY CHILD

TRANSPORTATION, L.LC., residing at 436 Spencer Street, Staten Island, NY 10314, ALL STAR

BUS SERVICE CO., LLC residing at 900 South Avenue, Staten Island, NY 10314 and LEVANDER

POLK residing at 951 Thomas S. Boyland Street, Brooklyn, NY 11212, in

the sum of SIX MILLION DOLLARS AND NO CENTS ($6,000,000.00),  with interest from October 3,

2019 in the sum of                        dollars ($                    ),together with costs and

disbursements in

the sum of                                          dollars ($ 1,100        ),

amounting in all to

the sum of                                          dollars ($              ),

and that plaintiff have execution thereof.


ENTER FORTHWITH

Dated  10-22-19                       V3S

                    HON LOREN BAILY-SCHIFFMAN

                    **HON. LOREN BAILY-SCHIFFMAN**


Judgment ENTERED This

_____Day of _____,2019




                    _____
                    CLERK

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM                INDEX NO. 155233/2020
NYSCEF DOC. NO. 2                                             RECEIVED NYSCEF: 06/03/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X

TAMEAKE MACKLIN,

        Plaintiff,

-against-

ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION,
L.L.C., ALL STAR BUS SERVICE CO., LLC, LEVANDER POLK and
JASMINE T. WILLIAMS,

        Defendants.
-------------------------------------------------------------X

Index No.: 241/15

**_BILL OF COSTS_**

**COSTS:**

| | |
|---|---|
| Costs before Note of Issue-CPLR8201(1) Costs | 200.00 |
| after Note of Issue - CPLR 8201(1) Trial of | 200.00 |
| issue- CPLR8201(3) | 300.00 |

TOTAL COSTS:              $   700.00

**DISBURSEMENTS:**

| | |
|---|---|
| Fee for Index number - CPLR 8018 (a) | 210.00 |
| Note of Issue - CPLR 8020(a) | 30.00 |
| Jury fee- CPLR 8020 (c)(l) | 65.00 |
| RJI | $   95.00 |

TOTAL DISBURSEMENTS        $  400.00

| | |
|---|---|
| TOTAL COSTS | $700.00 |
| TOTAL DISBURSEMENTS | $400.00 |
| **TOTAL** | **$1,100.00** |

     Paul Koenigsberg, an attorney duly admitted to practice in the Courts of the State of
New York, affirms as follows:

     The foregoing disbursements have been or will be necessary to be made or incurred in
this action and are reasonable in amount.

*Paul Koenigsberg*

PAUL KOENIGSBERG, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------X
TAMEAKE MACKLIN,

                                 Index No.: 241/15

       Plaintiff,

-against-                                                AFFIRMATION

ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION,
L.L.C., ALL STAR BUS SERVICE CO., LLC, LEVANDER POLK and
JASMINE T. WILLIAMS,

       Defendants.
-------------------------------------------------------X

       Paul Koenigsberg, an attorney admitted to practice in the Courts of New York affirms, under penalty of perjury:

1. I am the attorney for plaintiff herein.

2. This matter appeared for a non-jury trial on damages on October 10, 2019 before Honorable Judge Loren Baily-Schiffman wherein a net verdict was rendered and reduced pursuant to a high low agreement in the amount of Six Million Dollars, inclusive of past and future pain and suffering, loss of earnings and future medical costs against defendants ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION, L.LC., ALL STAR BUS SERVICE CO., LLC and LEVANDER POLK.

3. To date defendants ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION, L.LC., ALL STAR BUS SERVICE CO., LLC and LEVANDER POLK have failed to tender payment.

       Accordingly, your affirmant requests that Judgment be entered with costs, interest and disbursements of this matter.

Dated: Brooklyn, New York
      October 11, 2019

                                  PAUL KOENIGSBERG, ESQ.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM          INDEX NO. 155223/2020

NYSCEF DOC. NO. 2                                          RECEIVED NYSCEF: 06/03/2020

ADJUDGED, that,

Based upon the high-low agreement of $1,000,000.00 -$6,000,000.00 entered into by the parties before

this court, the verdict is adjusted accordingly, and it is ADJUDGED that TAMEAKE MACKLIN, ①

residing at 60 CLARKSON AVENUE, Brooklyn, NY 11226 against defendants ALTFEST AUTO ②

LEASING, INC., residing at 1250 Broadway, Hewlett NY 11557 HAPPY CHILD ③

TRANSPORTATION, L.LC., residing at 436 Spencer Street, Staten Island, NY 10314, ALL STAR ④

BUS SERVICE CO., LLC residing at 900 South Avenue, Staten Island, NY 10314 and LEVANDER

POLK residing at 951 Thomas S. Boyland Street, Brooklyn, NY 11212, in

the sum of SIX MILLION DOLLARS AND NO CENTS ($6,000,000.00), with interest from October 3,

2019 in the sum of *Thirty thousand* dollars ($ *30,000* — *& zero cents* ), together with costs and

disbursements in

the sum of *one thousand four hundred seventy five dollars & zero cents* dollars ($ *1,475* ),

amounting in all to

the sum of *Six million thirty one thousand four hundred seventy five dollars & zero cents* dollars ($ *6,031,475* ⁰⁰ ),

and that plaintiff have execution thereof.

ENTER FORTHWITH

Dated *10-22-19*                         *V38*

HON LOREN BAILY-SCHIFFMAN

**HON. LOREN BAILY-SCHIFFMAN**

Judgment ENTERED This

*2nd* Day of *October* ,2019

*Nancy T. Sunshine*

CLERK

NANCY T. SUNSHINE
Clerk

2019 OCT 22 PM 12:56

FILED
KINGS COUNTY CLERK

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM INDEX NO. 0592250/2020
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 06/03/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------X

TAMEAKE MACKLIN,

      Plaintiff,                                    Index No.: 241/15

-against-

                         **BILL OF COSTS**

ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION,
L.LC., ALL STAR BUS SERVICE CO., LLC, LEVANDER POLK and         Costs at $ 1,475.
JASMINE T. WILLIAMS,                                           This 22 day of October 20 19

      Defendants.                                    Nancy T. Sunshine
                                                              Clerk of Court Kings County
--------------------------------------------------------X
                                                                  NANCY T. SUNSHINE
                                                                        Clerk

**COSTS:**

   CostsbeforeNoteof Issue-CPLR8201(1) Costs            200.00
   after Note of Issue - CPLR 8201(1) Trial of          200.00
   issue- CPLR8201(3)                                   300.00

   TOTAL COSTS:                                      $   700.00

**DISBURSEMENTS:**

   Service
   Fee for Index number - CPLR 8018 (a)                 105.
                                                            210.00
   Note of Issue - CPLR 8020(a)                          30.00
   Jury fee- CPLR 8020 (c)(l)                            65.00
   RJI                                              $    95.00
   Motions                                              180
   TOTAL DISBURSEMENTS                               $  ~~400.00~~  775.

   TOTAL COSTS                                       $700.00
   TOTAL DISBURSEMENTS                               ~~$400.00~~ 775.
   **TOTAL**                                         ~~$1,100.00~~ $1,475.

      Paul Koenigsberg, an attorney duly admitted to practice in the Courts of the State of

New York, affirms as follows:

      The foregoing disbursements have been or will be necessary to be made or incurred in

this action and are reasonable in amount.

                            Paul Koenigsberg
                            PAUL KOENIGSBERG, ESQ.

KINGS COUNTY CLERK
FILED
2019 OCT 22 PM 12: 57

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 3

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

# Exhibit B

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

INDEX NO. 652230/2020

NYSCEF DOC. NO. 3

RECEIVED NYSCEF: 06/03/2020

## ASSIGNMENT OF RIGHTS

WITNESSETH, that HAPPY CHILD TRANSPORTATION, L.L.C., ALL STAR BUS SERVICE CO., LLC, and LEVANDER POLK, ("Assignors"), hereby assign and transfer to TAMEAKE MACKLIN, ("Assignee"), her successors and assigns, all of their right, title and interest in any and all claims and/or causes of action, including, but not limited to, bad faith, contract indemnification, wrongful disclaimer, contractual contribution, common law contribution, and any other claims they might have against any insurance company, and/or any other person or persons, arising out of the manner in which said entities provided insurance coverage, underlying insurance, excess insurance coverage, stacking insurance, concurrent insurance, and/or defense and/or indemnification for Assignors in regard to a claim for injuries sustained by TAMEAKE MACKLIN in a motor vehicle accident of May 5, 2014, and/or in a cause of action entitled TAMEAKE MACKLIN v. ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION, L.LC, ALL STAR BUS SERVICE CO., LLC, LEVANDER POLK and JASMINE T. WILLIAMS, Supreme Court/Kings County, Index #241/15 ("Macklin Action"), arising out of the accident dated May 5, 2014.

In consideration of this assignment, Assignee hereby agrees that Assignee shall not take any actions whatsoever to execute and/or otherwise collect against any of the personal assets of Assignors and ALTFEST AUTO LEASING, INC. (indemnitee of HAPPY CHILD TRANSPORTATION, L.L.C.) on a certain judgment that was entered and filed on October 22, 2019 in the Macklin Action ("Judgment"), the collection of which Judgment is hereby waived now and forever as against Assignors and ALTFEST AUTO LEASING, INC.

It is further agreed, that Assignors shall, upon reasonable notice, take any and all actions reasonably necessary to fully cooperate with Assignee in every fashion in any claim, or cause of action, including appearing for depositions, providing documents, providing testimony, and will comply with all reasonable requests made by Assignee in regard to Assignee's prosecution of Assignors' claims assigned by this assignment.

This assignment constitutes the entire agreement between the parties with respect to the subject matter thereof, and all agreements and/or understandings heretofore had between the parties with respect to the subject matter of this agreement are merged into the terms of this assignment.

The parties each represent and warrant that they have not relied upon any representation, express or implied, in entering into this assignment, except those set forth in this agreement.

This assignment may not be waived, amended, modified, or discharged, except by an agreement in writing signed by the party against whom such waiver, amendment, modification, or discharge is sought. No oral understanding or agreement shall be effective to waive, amend, modify, or discharge the terms and/or conditions of this assignment.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 3

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

This assignment shall be binding upon the successors and/or assigns of each party hereto.

Signature on an electronic or facsimile copy of this assignment shall have the same force and effect as an original signature. This assignment may be executed in separate counterparts.

Any notices to be sent hereunder shall be sent by first class mail, return receipt requested or by overnight mail to the parties.

Dated:          New York, NY
                       , 2019

HAPPY CHILD TRANSPORTATION, L.L.C.

by _____

ALL STAR BUS SERVICE CO., LLC,

by _____

Sworn to before me this
\\ day of November, 2019
          December

_____
NOTARY PUBLIC

MIRIAM MUNOZ
Notary Public - State of New York
NO. 01MU6227054
Qualified In Richmond County
My Commission Expires 8/23/2023

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 4

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

# Exhibit C

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 4

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020



AIG Property Casualty
Excess Claims
PO Box 10006
Shawnee Mission, KS 66225
www.aig.com

Charmaine Brooks
Complex Director
T 212-458-5755
F 866-436-4850
charmaine.brooks@aig.com

**October 1, 2019**

<u>**Via Certified Mail and
email**</u>
Happychild1@verizon.net

Happy Child Transportation
436 Spencer St
Staten Island, NY 10314
Attn: John J. Marzo

Re:     Tameake Macklin v. Altfest Auto Leasing, Inc. et.al.
          Named Insured: Happy Child Transportation L.L.C.
          Lexington Insured:      8315372563US
          Lexington Policy No:    038183136
          Date of Loss:            May 6, 2014

Dear Mr. Marzo:

AIG Claims, Inc., the authorized representative for Lexington Insurance Company ("Lexington") policy which issued a Commercial Umbrella Liability Policy No.  038183136 to Happy Child Transportation L.L.C. ("Happy Child") effective for the period from June 25, 2013 to June 25, 2014.  Please be advised that I am the adjuster handling this matter, and all future correspondence should be directed to my attention.  Lexington's first notice of this claim was via a letter from the plaintiff attorney, Paul Koenigsberg, which was received on September 12, 2019.  The purpose of this letter is to inform you that that there is no coverage under the above mentioned Lexington policy.

We would like you to know that we appreciate and value you as a customer and are committed to working closely with you regarding this matter. We expect that you may have questions after reading this letter regarding our position. Please feel free to contact me with any questions about our coverage position.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 4

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

## The Underlying Action

Based on the information we have received to date, the following summarizes the allegations and other pertinent information. Our summary is not meant to imply that Lexington allegations to be meritorious or true.

Per the complaint, Tameake Macklin ("plaintiff") was injured on May 5, 2014, while she was a passenger involved in a collision with a Nissan motor vehicle operated by Jasmine Williams. The accident occurred when Williams made a left turn and collided with a bus registered to Happy Child. As a result of the accident, plaintiff alleges to have undergone a two level cervical fusion surgery.

Plaintiff testified at her deposition that she applied for and received worker's compensation benefits as a Happy Child employee for the subject accident.

On September 27, 2019, Sparta Insurance Company issued a disclaimer letter indicating that there is no coverage for the Macklin action. The Sparta policy is only implicated if an "insured" would be obligated to pay damages for "bodily injury" caused by an "accident" involving a covered "auto". The Sparta policy provides coverage for Specifically Described "Autos" (Symbol 7), Hired "Autos" Only (Symbol 8), and Nonowned "Autos" Only (Symbol 9). At this time it is unclear whether the School Bus is covered under Symbol 7 Specifically Described "Autos", as Sparta is not in possession of the School Bus' VIN number. Macklin's allegations and the police report indicate that the School Bus was owned by Happy Child. Thus, the School bus is not covered under Symbol 8 Hired "Autos" Only, and it is likewise not covered under Symbol 9 Nonowned "Autos" Only. The Sparta disclaimer continues to say that if the Macklin Action concerned a covered "auto", coverage for Happy Child would be precluded by several exclusions to the Sparta Policy including the employee indemnification, employers liability exclusion, and the fellow employee exclusion. Finally, they cite the duties in the event of Accident, Claim, Suit or Loss which states that you must give prompt notice of the accident in the event of "accident", claim, "suit" or "loss".

The Macklin Action was filed in January 2015 and Happy Child has since been actively involved in the litigation. Sparta was notified of the claim on September 20, 2019. Trial is scheduled to begin on October 2nd, 2019.

## The Lexington Policy

Lexington issued to Commercial Umbrella Liability Policy No. 038183136 to Happy Child effective June 25, 2013 to June 25, 2014. The limits of liability are $4,000,000 occurrence, and $4,000,000 aggregate. The policy is excess of a $1,000,000 primary policy with Sparta Insurance Company.

The Lexington Policy requires that any applicable primary and/or underlying insurance be exhausted before any defense and/or indemnity obligation exists.

## Coverage Denial

Lexington denies coverage based on the following:

### *Section III - Exclusions*
#### *D. Workers' Compensation and Similar Laws*

*Any obligation of the "Insured" under a workers' compensation, disability benefits or unemployment*

**G. Employer's Liability**
1.      *"Bodily injury" to an "employee" of the "Insured" arising out of and in the course of:*
**a.** *Employment by the "Insured"; or*
**b.** *Performing duties related to the conduct of the "Insured's" business; or*
2.      *Any claim or "suit" brought by the spouse, child, parent, brother or sister of*
t       *hat "employee" as a consequence of paragraph 1 above.*

*This exclusion applies:*
**1.** *Whether the "Insured" may be liable as an employer or in any other capacity; and*

*2. To any obligation to share damages with or repay someone else who must pay damages because of the injury.*

*This exclusion does not apply to liability assumed by the "Insured" under an "insured contract".*

*With respect to injury arising out of a "covered auto", this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to worker's compensation benefits. For the purpose of this insurance, a domestic "employee" is a person engaged in household or domestic work performed principally in connections with a residence premises.*

*This exclusion does not apply to the extent that valid "scheduled underlying insurance" for the employer's liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury".*

*Coverage under this policy for such "bodily injury or "property damage" will follow the terms, definitions, conditions and exclusions of "scheduled underlying insurance", subject to the "policy period", limits of insurance, premium and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by "scheduled underlying insurance".*

**W. Coverage excluded or sublimited by the Scheduled Underlying Insurance**
*"Bodily Injury", "property damage", or "personal and advertising injury" which:*
**1.** *Is not covered by the "scheduled underlying insured" by reason of an exclusion contained in or at any time added to such "scheduled underlying insurance; or*
**2.** *Is in any way subject to a sublimit which is less than the limits of insurance of such "scheduled underlying insurance".*

Plaintiff testified that she was employed by Happy Child at the time of the accident and received worker's compensation benefits from Happy Child. Further, plaintiff's worker's compensation file confirms that plaintiff was in the course and scope of her employment with Happy Child and received worker's compensation benefits for the subject accident.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
INDEX NO. 652230/2020
NYSCEF DOC. NO. 4                                RECEIVED NYSCEF: 06/03/2020

In a letter dated September 27, 2019, the scheduled of underlying policy, Sparta Insurance, denied coverage for this matter pursuant to the employee's exclusion and the late notice provisions in their policy.  Therefore the Lexington policy does not provide coverage for this loss pursuant to the exclusions listed above.

Lexington did not receive notice of this loss until September 12, 2019.   Additionally, Happy Child failed to comply with the notice provisions of the Lexington Policy.  The Lexington Policy provides, as follows:

*Section VI-Conditions*
*G. Duties in the Event of an Occurrence, Claim or Suit*

*1. You must see to it that we are notified as soon as practicable of an "occurrence" that may result in a claim or "suit" under this policy.  To the extent possible, notice should include:*
   *a. How, when and where the "occurrence" took place;*
   *b. The names and addresses of any injured persons and any witnesses; and*
   *c. The nature and location of any injury or damage arising out of the "occurrence".*

*2. If a claim is made or "suit" is brought against any "Insured" which is reasonably likely to involve this policy, you must notify us in writing as soon as practicable on the assumption that an "Insured" is liable for the damages claim.*

*3. You and any other involved "Insured" must:*
   *a. Immediately send us copies of any demands, notices, summonses or legal papers received in connection  with the claim or "Suit"*

Although notice has not been provided by Polk, the driver of the school bus, there is likewise no coverage available to him under the Lexington policy.

Therefore Lexington reserves all rights regarding late notice.

**Conclusion:**

Based on the foregoing, there is no coverage available to you for his matter under the Lexington Policy.

Lexington's coverage position is based on the information presently available to us. This letter is not, and should not, be construed as a waiver of any terms, conditions, exclusions or other provisions of the Policy, or any other policies of insurance issued by Lexington or any of its affiliates. Lexington's expressly reserves all of its rights under the Policy, including the right to assert additional defenses to any claim for coverage, if subsequent information indicates that such action is warranted.

Should you have any additional information that you feel would either cause us to review our position or would assist us in our investigation or determination, we ask that you advise us as soon as possible.

If you have any other insurance policies, which may respond to this claim asserted, you should notify that carrier immediately.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 4

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

In closing, allow me to reiterate that we value you as a customer and encourage you to contact us should you have any questions or concerns regarding the contents of this letter.

Thank you for your cooperation in this matter.

Sincerely,

*Charmaine Brooks*

Charmaine Brooks
Excess Casualty Claim

cc:    Amber Bishop, Claims Manager
Capacity Group of NY
abishop@capacityny.com

Paul Koenigsberg,
Attorney for Plaintiff
PDK212@Gmail.com

Donohue Law Firm
Attorneys for Happy Child Transportation, LLC
Rdonohue@donohue-law.com

L'Abbate, Balkan, Colavita
John D. McKenna, Esq.
Attorneys for Sparta
Jmckenna@lbcclaw.com

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 5

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

# Exhibit D

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 5

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

*Koenigsberg & Associates, P.C.*

*Law Offices*
*1213 Avenue U*
*Brooklyn, New York 11229*
*Telephone (718) 336-2003  ext 28*
*Fax (917) 210-1637*

September 18, 2019

By Email:     latoyta.baskett@aig.com
              & Federal Express Overnight

Latoyta Baskett
AIG Claims
175 Water Street
New York, NY 10038

| | | |
|---|---|---|
| *Re:* | *Claimant:* | *Tameake Macklin* |
| | *Insured:* | *Happy Child Transportation* |
| | *Claim #:* | *831 537 2563 US* |
| | *D/A:* | *5/5/14* |

Dear Ms. Baskett:

As you know, this matter was scheduled for Final Jury Selection today and Jury Selection has commenced.  Our Settlement demand is $6,500,000.00.

This is to advise that my client is willing to settle this matter within your insureds' policy limits at the present time (underlying and excess) for a total of $5,000,000.00.  More specifically, if the total policy limits of $5,000,000.00 are tendered now, my client would be willing to accept this sum as full settlement for compensation of her injuries.

I am authorized to extend this offer for a short time only and the offer will expire at 5 P.M. on Friday September 20, 2019 after which time I am instructed to pursue this matter to verdict.  Any verdict in excess of the policy limits will be collected from your insureds.

As you know, plaintiff was a passenger on your insured's vehicle and all of your insured's defendants are precluded from testifying at trial or offering affidavits in support of their defense. My client sustained severe and permanent injuries resulting in multiple surgeries including cervical 2 level fusion which caused significant suffering and disability. The recoverable special damages for future medical and care expenses alone conservatively exceed your insureds' policy limits, not including additional awards for past and future pain and suffering.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 5

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

**Tameake Macklin   Page 2**

Due to the significant exposure that your insureds are facing should this matter be pursued to verdict, I urge you to act immediately, insofar as the limited period of the offer will expire as above noted.  I also request that you notify your insureds, that we have offered to settle this matter within the limits of your policy at this time only and that your failure to do so now could expose them to a significant excess verdict in the future.

I would remind you that pursuant to the New York Court of Appeals case of Smith v. General Accident Insurance Co., 91 N.Y. 2d, 628, 274 N.Y.S.2d 267 (1998), an insurance company is obligated to enter into good faith settlement negotiations and fully advise their insureds of a plaintiff's settlement demand.  As noted in the case of Pavia v. State Farm Mutual Insurance Co., 82 N.Y.S.2d 445, 605 N.Y.S.2d 208 (1993), bad faith is established where liability is clear and the potential recovery far exceeds the insurance coverage.  In short, your present negotiating position is not only placing your insureds at risk but your interest as well.

As noted above, should you fail to tender the full $5,000,000.00 liability policy limits prior to 5:00 P.M. Eastern Standard Time on September 20, 2019, the offer to settle within these policy limits is withdrawn.  In the event that Ms. Macklin obtains a verdict in excess of the foregoing policy limits we will also look directly to you for satisfaction of any such excess judgment.  This is especially so should you fail to apprise your insureds of our settlement demand and our offer to settle within the policy limits for a limited time only.

Kindly advise upon receipt of this letter an acknowledgement that you have notified your insureds of this offer and provide me with the name and contact information of your insureds' personal attorney(s).

Very truly yours,

*Paul Koenigsberg*

**PAUL KOENIGSBERG**

cc: Donohue Law Firm  by Fax: 212-697-2737
and email:   rdonohue@donohue-law.com

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 6

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

# Exhibit E

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 6

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020



AIG Property Casualty
Excess Claims
PO Box 10006
Shawnee Mission, KS 66225
www.aig.com

Charmaine Brooks
Complex Director
T 212-458-5755
F 866-436-4850
charmaine.brooks@aig.com

**October 1, 2019**

**Via U.S. Mail and E-Mail**

**Paul Koenigsberg**
**Koenigsberg & Associates**
**1213 Avenue U**
**Brooklyn, NY 11229**
pdk212@gmail.com

|     |            |                                          |
| --- | ---------- | ---------------------------------------- |
| Re: | Insured:   | **Happy Child Transportation**           |
|     | Plaintiff: | **Tameake Macklin**                      |
|     | Our File:  | **8315372563US**                         |

Dear Mr. Koenigsberg:

AIG Claims, Inc. is the authorized claims administrator for Lexington Insurance Company ("Lexington"), which issued Commercial Umbrella Liability Policy No. 038183136 to Happy Child Transportation, L.L.C. ("Happy Child") for the policy period of June 25, 2013 to June 25, 2014. Please be advised that I am the adjuster handling this matter and that all future correspondence should be directed to my attention. By letter dated September 18, 2019, you advised that jury selection in the above matter was complete and that trial was scheduled to begin on October 2, 2019. As you know, your September 12, 2019 letter was Lexington's first notice of this matter. Please allow this to respond to your September 18, 2019 letter. This letter is also in furtherance of Lexington's coverage disclaimer letter, which was sent separately.

As an initial matter, please be advised that the Lexington policy affords limits of insurance of $4,000,000 and applies in excess of a "Retained Amount", which is defined as the total applicable limits of "scheduled underlying insurance" and any applicable "other insurance". The Schedule of Underlying Insurance to the Lexington policy specifically identifies a policy issued by Sparta Insurance with limits of $1,000,000 per

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 6

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

Paul Koenigsberg
Koenigsberg & Associates
October 1, 2019

occurrence.   We understand Sparta Insurance denied coverage for this matter on September 27, 2019 based on, among other things, the employee's exclusion and late notice.  As such, putting aside any coverage issues, the Lexington policy has not yet been triggered.

Per the complaint, Ms. Macklin was injured on May 5, 2014.  We understand that the accident occurred when a vehicle operated by co-defendant Jasmine Williams made a left turn and collided with the Happy Child bus on which Ms. Macklin was working.  As a result of the accident, Ms. Macklin alleges to have undergone a two-level cervical fusion surgery.   We understand that, at her deposition, Ms. Macklin testified that she was employed by Happy Child and was injured in the course of her employment at the time of the May 5, 2014 accident.  Moreover, that Ms. Macklin testified that she applied for and received worker's compensation benefits as a Happy Child employee.

Based on this evidence, defense counsel for Happy Child has advised that your client's claims against Happy Child should be barred.  We are further advised that defense counsel is in receipt of Ms. Macklin worker's compensation file, which further confirms that Ms. Macklin was in the course and scope of her employment with Happy Child and received worker's compensation benefits for the subject accident.

In addition to the above, defense counsel has advised that the accident and any alleged injuries sustained by your client were caused by co-defendant, Jasmine Williams.  In this regard, we understand the police accident report lists Ms. Williams' improper turning as the apparent contributing factor for the accident.  We are further advised that Ms. Williams admitted at her deposition that she, in fact, made a left turn in front of the bus.

Based on the foregoing, including but not limited to its denial of coverage, Lexington must respectfully decline your $5,000,000 settlement demand.  Lexington reserves all rights accordingly.

If you have any questions about this letter, please feel free to contact me.

Thank you.

Sincerely,

*Charmaine Brooks*

Charmaine Brooks

Excess Casualty Claims

cc:   Amber Bishop, Claims Manager
Capacity Group of NY
abishop@capacityny.com

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 6

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

Paul Koenigsberg
Koenigsberg & Associates
October 1, 2019

Donohue Law Firm
Attorneys for Happy Child Transportation, LLC
Rdonohue@donohue-law.com

L'Abbate, Balkan, Colavita
John D. McKenna, Esq.
Attorneys for Sparta
Jmckenna@lbcclaw.com

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 7

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

# Exhibit F

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 7

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

### *Koenigsberg & Associates, P.C.*

*Law Offices*
*1213 Avenue U*
*Brooklyn, New York 11229*
*Telephone (718) 336-2003  ext 28*
*Fax (917) 210-1637*

October 4, 2019

By Email:        charmaine.brooks@aig.com

Charmaine Brooks
AIG Claims
175 Water Street
New York, NY 10038

*Re:*   *Claimant:*      *Tameake Macklin*
        *Insured:*       *Happy Child Transportation*
        *Claim #:*       *831 537 2563 US*
        *D/A:*           *5/5/14*

Dear Ms. Brooks:

This is to inform you that the liability trial in this matter concluded today with a jury finding of 85% against your insured defendants and 15% against the co-defendant. Yesterday, the court granted plaintiff's Rodriguez motion, thereby locking in interest effective October 3, 2019. IN addition, your insured's affirmative defense of workers' compensation barring this action was judicially determined and denied today.

This is to advise that my client is willing to settle this matter within your insureds' policy limits at the present time (underlying and excess) for a total of $5,000,000.  More specifically, if the total policy limits of $5,000,000.00 are tendered now, my client would be willing to accept this sum as full settlement for compensation of her injuries.

I am authorized to extend this offer for a short time only and the offer will expire at 3 P.M. on October 7, 2019 after which time I am instructed to pursue this matter to verdict. Any verdict in excess of the policy limits will be collected from your insureds.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 7

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

Tameake Macklin    Page 2

Due to the significant exposure that your insureds are facing should this matter proceed to verdict on damages, I urge you to act immediately, insofar as the limited period of the offer will expire as above noted. I also request that you notify your insureds. that we have offered to settle this matter within the limits of your policy at this time only and that your failure to do so now could expose them to a significant excess verdict in the future.

I would remind you that pursuant to the New York Court of Appeals case of Smith v. General Accident Insurance Co., 91 N.Y. 2d, 628, 274 N.Y.S.2d 267 (1998), an insurance company is obligated to enter into good faith settlement negotiations and fully advise their insureds of a plaintiff's settlement demand. As noted in the case of Pavia v. State Farm Mutual Insurance Co., 82 N.Y.2d 445, 605 N.Y.S.2d 208 (1993), bad faith is established where liability is clear and the potential recovery far exceeds the insurance coverage. In short, your present negotiating position is not only placing your insureds at risk but the interest of Hartford as well.

As noted above, should you fail to tender the full $5,000,000.00 liability policy limits prior to 3:00 P.M. Eastern Standard Time on October 7, 2019, the offer to settle within these policy limits is withdrawn. In the event that Ms. Macklin obtains a verdict in excess of the foregoing policy limits we will also look directly to you for satisfaction of any such excess judgment. This is especially so should you fail to apprise your insureds of our settlement demand and our offer to settle within the policy limits for a limited time only.

Kindly advise upon receipt of this letter an acknowledgement that you have notified your insureds of this offer and provide me with the name and contact information of your insureds' personal attorney(s).

Very truly yours,

Paul Koenigsberg

**PAUL KOENIGSBERG**


cc:    Donohue Law Firm  by Fax:  212-697-2737
       and email:  rdonohue@donohue-law.com

       John D. McKenna, Esq.
       L'Abbate, Balkan, Colavita & Contini, LLP
       email:  jmckenna@lbcclaw.com

       Amber Bishop Claims Manager
       Capacity Group of NY
       abishop@capacityny.com

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 8

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

# Exhibit G

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM   INDEX NO. 652230/2020
NYSCEF DOC. NO. 8                                                      RECEIVED NYSCEF: 06/03/2020

# LB&C

Attorneys at Law

**L'Abbate, Balkan, Colavita & Contini, L.L.P.**

1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

John D. McKenna, Esq.
Partner
jmckenna@lbcclaw.com
(516) 837-7370

September 27, 2019

**BY EMAIL, REGULAR MAIL**
**AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
happychild1@verizon.net

John J. Marzo
Happy Child Transportation, LLC
436 Spencer Street
Staten Island, NY 10314

      Re:    *Tameake Macklin v. Altfest Auto Leasing, Inc., et al.*
           Our File No.  :      19 2799 103846

Dear Mr. Marzo:

      We have been retained to act as coverage counsel on behalf of SPARTA Insurance Company ("SPARTA") in connection with the above-referenced matter, entitled: *"Tameake Macklin v. Altfest Auto Leasing, Inc., Happy Child Transportation, L.L.C., All Star Bus Service Co., LLC. Levander Polk and Jasmine T. Williams"* (Index No. 241/2015), which is pending in the New York Supreme Court, Kings County (the *"Macklin* Action"). As you know, SPARTA issued a package insurance policy to Happy Child Transportation, LLC ("Happy Child"), bearing Policy No. 031CP00251, for the period January 1, 2014 to January 1, 2015 (the "SPARTA Policy"). The SPARTA Policy includes a Business Auto Coverage form which provides a $1 million limit for specifically-defined "autos" as further explained below.

      The *Macklin* Action arises out of an alleged automobile accident that occurred on May 5, 2014, wherein plaintiff Tameake Macklin ("Macklin") claims to have sustained injuries while in the course of her employment as a bus matron for Happy Child. The police report states that the alleged accident involved a school bus registered to Happy Child (the "School Bus"). In the *Macklin* Action, Macklin alleges, in part, that Happy Child owned the "Chevrolet motor vehicle bearing New York State license plate number 14915SH [that was] operated by Defendant Levander Polk [("Polk"]) in which Plaintiff Tameake Macklin was a passenger was involved in a collision with a Nissan motor vehicle … operated by Defendant Jasmine T. Williams." Macklin further alleges that "as a result of the aforesaid contact, Plaintiff Tameake Macklin … sustained severe and permanent personal injuries; and … was otherwise damaged." Macklin generally asserts that the "Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles". Thus, the *Macklin* Action seeks unspecified damages that are "greater than basic economic loss as to satisfy the exceptions of §5104 of the New York Insurance Law" and that are "not recoverable through no-fault insurance".

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 8

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

The *Macklin* Action was instituted on or about January 28, 2015. However, not until September 20, 2019, did SPARTA receive first notice of the *Macklin* Action. The initial notice to SPARTA confirmed that both Macklin and Polk were employees of Happy Child on the date of the alleged accident. More importantly, the notice included a letter, dated September 18, 2019, sent by Macklin's counsel to AIG Insurance Company ("AIG") (with a copy to the Happy Child's defense counsel, the Donohue Law Firm), listing Happy Child as the insured thereunder (the "Settlement Letter").

The Settlement Letter offered a time-sensitive (and final) pre-trial settlement demand of $5 million and warned that the "offer will expire at 5 P.M. on Friday September 20, 2019 after which time … [Macklin would] pursue this matter to verdict." The Settlement Letter also stated that "this matter was scheduled for Final Jury Selection today and Jury Selection has commenced" and that "all of [the Happy Child] defendants are precluded from testifying at trial or offering affidavits in support of their defense." According to the court docket in the *Macklin* Action, jury selection has since been completed and trial is scheduled to proceed on October 2, 2019.

\* \* \*

Based upon our review of the information and documentation in SPARTA's possession, we must advise Happy Child that there is no coverage available under the SPARTA Policy for the *Macklin* Action. The purpose of this correspondence is to outline for you those provisions of the SPARTA Policy which preclude any obligation on the part of SPARTA to defend or indemnify Happy Child in connection with this matter.  Although notice has not been provided by Polk (the driver of the School Bus, there is likewise no coverage available for him under the SPARTA Policy.

First, we note that the SPARTA Policy provides, in pertinent part, as follows:

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.**

| COVERAGES | COVERED AUTOS | LIMIT | PREMIUM |
|---|---|---|---|
| LIABILITY | 7, 8, 9 | $1,000,000 | |

\* \* \*

**BUSINESS AUTO COVERAGE FORM**

**SECTION I – COVERED AUTOS**

\* \* \*



2

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 8

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| | | * * * |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three. |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

* * *

### SECTION II – LIABILITY COVERAGE

#### A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

* * *

We have the right and duty to defend any "insured" against a "suit" asking for such damages … However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" … to which this insurance does not apply…

* * *

Thus, the SPARTA Policy is only implicated if an "insured" would be obligated to pay damages for "bodily injury" caused by an "accident" involving a covered "auto". At this time, it is unclear whether the School Bus is covered under Symbol 7 Specifically Described "Autos", as we are not in possession of the School Bus' VIN number. Also, Macklin's allegations and the police report indicate that the School Bus was owned by Happy Child. Thus, the School Bus is not covered



3

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM          INDEX NO. 652230/2020

NYSCEF DOC. NO. 8                                          RECEIVED NYSCEF: 06/03/2020

under Symbol 8 Hired "Autos" Only, and it is likewise not covered under Symbol 9 Nonowned "Autos" Only.

Second, even if the *Macklin* Action concerned a covered "auto", coverage for Happy Child would be precluded by several exclusions to the SPARTA Policy. In that regard, the SPARTA Policy provides, in pertinent part, as follows:

**B. Exclusions**

This insurance does not apply to any of the following:

\* \* \*

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

   (1) Employment by the "insured"; or

   (2) Performing the duties related to the conduct of the "insured's" business;...

\* \* \*

This exclusion applies:

   (1) Whether the "insured" may be liable as an employer or in any other capacity; and

   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \*

**5. Fellow Employee**

"Bodily injury" to:

a. Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business;...

\* \* \*

We reiterate that the notice of claim states that Macklin was an employee of Happy Child on the date of the accident, and thus, there is no coverage for her injuries. The Employee Exclusion applies to preclude coverage even if Happy Child "may be liable as an employer or in any other capacity", such as vicarious liability, and even if Happy Child becomes obligated "to share damages with or repay someone else who must pay damages because of the injury."



4

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 8

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

Furthermore, Macklin's allegations and the notice of claim also confirmed that Polk, the School Bus driver, was also an employee of Happy Child on the date of the accident. Though coverage for Polk has not been sought in this matter, we note that the SPARTA Policy's insuring agreement does define "insured" as "[a]nyone else while using with your permission a covered "auto" you own…". Nevertheless, the SPARTA Policy excludes coverage for "bodily injury" to an insured's fellow employees. Here, Macklin was Polk's (the would-be insured) fellow employee, and thus, there is no coverage for Polk in the *Macklin* Action.

Finally, Happy Child has failed to comply with the notice provisions of the SPARTA Policy. In that regard, the SPARTA Policy provides, in pertinent part, as follows:

### SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

* * *

**2. Duties In The Event Of Accident, Claim, Suit, Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss". You must give us or our authorized representative prompt notice of the "accident" or "loss"…

* * *

**b.** Additionally, you and any other involved "insured" must:

    **(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

    **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

    **(4)** Authorize us to obtain medical records or other pertinent information.

* * *

The *Macklin* Action was filed in January 2015 and Happy Child has since been actively involved in the litigation, although it is apparently barred from testifying at trial in its defense. We understand that jury selection has already begun, and previous proceedings in this matter have



FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 8

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

precluded the defendants from testifying at trial. Having only notified SPARTA on September 20, 2019, Happy Child has unreasonably and inexcusably prevented SPARTA from exercising its rights to investigate this matter. Moreover, Macklin's final offer to settle expired on September 20, 2019, just a few hours after Happy Child first notified SPARTA of the *Macklin* Action. As such, even if the SPARTA Policy provided coverage for Happy Child in connection with the *Macklin* Action, the late notice has substantially prejudiced SPARTA.

\* \* \*

The policy provisions and issues which have been set forth above have been brought to the attention of Happy Child so that it is fairly informed of their existence, and of the grounds for non-coverage which exist. This recitation is not necessarily exhaustive, however, and to the extent that a particular term, condition, limitation or exclusion has not been cited, or an issue not referenced, that was not intended to be (nor should it be considered as) a waiver of any rights which SPARTA may have under its policy.

We have written to you in a representative capacity on behalf of Happy Child. Please let us know if we need to direct this correspondence to anyone else.

Please advise us if there is any additional information or documentation you would like us to consider so we can review the same and provide SPARTA's updated coverage position.

Thank you for your attention to the foregoing.

Very truly yours,

JOHN D. McKENNA

JDM/AMP:jds

cc:     Amber Bishop, Claims Manager
        Capacity Group of NY
        abishop@capacityny.com

        Latoyta Baskett
        AIG Claims
        latoyta.baskett@aig.com

        Donohue Law Firm
        *Attorneys for Happy Child Transportation, LLC*
        rdonohue@donohue-law.com

        Paul Koenigsberg, Esq.
        Koenigsberg & Associates, P.C.
        *Attorneys for Plaintiff*
        pdk212@gmail.com



6

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
INDEX NO. 652230/2020
NYSCEF DOC. NO. 9
RECEIVED NYSCEF: 06/03/2020

# Exhibit H

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM   INDEX NO. 652230/2020
NYSCEF DOC. NO. 9                                    RECEIVED NYSCEF: 06/03/2020

# Koenigsberg & Associates, P.C.

**Law Offices**
**1213 Avenue U**
**Brooklyn, New York 11229**
**tel (718) 336-2003**
fax (917) 210-1637

**Writer's extension #: 28**

September 28, 2019

John D. McKenna, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1001 Franklin Avenue
Garden City, NY 11530
jmckenna@lbcclaw.com

Re: Tameake Macklin v. Alfest Auto Leasing Inc. et al

Dear Mr. McKenna:

I am in receipt of your letter on behalf of SPARTA Insurance Company dated September 27, 2019 and I am confused by the allegation that SPARTA had no notice of this claim. In fact, it appears that SPARTA had notice of this claim dating back to soon after the subject accident, and elected not to participate in the matter.

I draw your attention to correspondence, attached, from SPARTA'S representative, Gallagher Bassett, dated June 10, 2014, addressed to Ms. Macklin, entitled "ACKNOWLEDGEMENT LETTER", which states in part:

*June 10, 2014*

| *RE:* | *Client Name:* | *Alp-5 Star Para & Bus* |
|---|---|---|
| | *Claim #:* | *004258-017071-AN-01* |

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 9

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

| | |
|---|---|
| *Insured Location:* | ***Happy Child Transportation, LLC*** |
| *Date of Loss/Accident:* | ***May 5, 2014*** |
| *Claimant Name:* | ***Tameake Macklin*** |
| *Driver Name:* | ***Levander Polk*** |
| *Insured By:* | ***Sparta Insurance Company*** |

*"This letter will serve as acknowledgement of the above referenced claim."*

As Mr. John J. Marzo and Happy Child Transportation, LLC are represented by counsel, I request that the appropriate parties forward this correspondence to them and provide confirmation of same to the undersigned.

Very truly yours,

Paul Koenigsberg

cc:   Amber Bishop Claims Manager
Capacity Group of NY
abishop@capacityny.com

Latoya Basket
AIG Claims
latoya.baskett@aig.com

Donoghue Law Group
Attorneys for Happy Child Transportation, LLC
rdonohue@donohue-law.com

Gloria Finizio
L'Abbate, Balkan, Colavita & Contini, LLP
gfinizio@lbcclaw.com

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM INDEX NO. 652230/2020

NYSCEF DOC. NO. 9 RECEIVED NYSCEF: 06/03/2020

01/01/2008  00:03    14433276426                  LEE HOUSE                                PAGE: 01

GALLAGHER BASSETT-CAPITAL CITY                                          Page 1 of 2
100 STERLING PARKWAY
SUITE 110
MECHANICSBURG, PA 17050-8204

┌─────────────────────────────────────────────┐
│ Visit www.mygbclaim.com to obtain up-to-the-minute │
June 10, 2014                │ claim status and payment information 24 hours a day, │
                             │ 7 days a week.                                │
                             └─────────────────────────────────────────────┘

MDG2011 00000100 1 MB  0435

TAMEAKE MACKLIN
991 MYRTLE AVE APT 6F
BROOKLYN, NY 11206-6622              000100

RE:   Client Name:            Atp-5 Star Para & Bus
      Claim Number:           004258-017071-AN-01
      Insured Location:       Happy Child Transportation,LLC
      Date of Loss/Accident:  May 5, 2014
      Claimant Name:          Tameake Macklin
      Driver Name:            Levander Polk
      Insured By:             Sparta Insurance Company

Dear Tameake Macklin:

### ACKNOWLEDGMENT LETTER

This letter will serve as an acknowledgment of the above referenced claim.  Gallagher Bassett
Services, Inc. (GB) is the claims administrator handling your claim and I am the claim
representative who has been assigned to your claim.  I can be reached at the following address:

          Marie Celestin
          Gallagher Bassett-Capital City
          100 Sterling Parkway
          Suite 110
          Mechanicsburg, PA  17050-8204
          Phone:   800-437-1266
          Fax      717-697-1402
          E-mail:  marie_celestin@gbtpa.com

GB will be conducting an investigation into your claim to determine if your claim is covered under
the above client's policy/program.  In the mean time, should you have any questions regarding
your claim, please contact me.

Sincerely yours,

*Marie Celestin*
Claims Representative



LIALTR1                                                                    GALACK 000188 1

[FILED: NEW YORK COUNTY CLERK 06/03/2020] NYSCEF DOC. NO. 9 — Case 1:20-cv-05372-ER Document 1-1 Filed 07/13/20 Page 58 of 126 ... RECEIVED NYSCEF: 06/03/2020

NYSCEF DOC. NO. 9 —

01/01/2008 00:08    14433275425              LEE HOUSE              PAGE 01

Employee: Tameako Macklin

Claim Number: 004258-017071-AN-01

**FRAUD WARNING:** "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, and any person who knowingly makes or knowingly assists, abets, solicits or conspires with another to make a false report of the theft, destruction, damage or conversion of any motor vehicle to a law enforcement agency, the department of motor vehicles or an insurance company commits a fraudulent insurance act, which is a crime shall also be subject to a civil penalty not to exceed five thousand dollars and the value of the subject motor vehicle or state claim for each such violation."



GALACK 000157 P

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 10

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

# Exhibit I

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 10

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

# POLLACK, POLLACK, ISAAC & DE CICCO, LLP

## ATTORNEYS AT LAW

ARTHUR POLLACK (1950-1985)
CONRAD E. POLLACK*
BRIAN J. ISAAC*
FRED A. DE CICCO*~
ADAM S. HANDLER*~†
JILLIAN ROSEN*
H. SUSAN OH*
NELSON A. MADRID*

SHRUTI BALI*
ALEXANDRA D. BONDIKOV†
MICHAEL J. FICHERA JR.*~
MATTHEW D. GOODSTEIN*~
MICHAEL L. SANTOS‡
CHRISTOPHER J. SOVEROW*
YI Z. ZHAO*~

225 BROADWAY, 3RD FLOOR
NEW YORK, NY 10007
T: (212) 233-8100
F: (212) 233-9238
www.ppid.com

BROOKLYN OFFICE
107 AVENUE I
BROOKLYN, NY 11230
T: 718-333-5906

WESTCHESTER OFFICE
906 SOUTH STREET
PEEKSKILL, NY 10566
T: 914-328-2400

OF COUNSEL
ALLEN E. KAYE*
JACOB ARONAUER*~
GREGG A. PINTO*

ADMITTED IN NY* | NJ~ | MA‡ | AL†

January 17, 2020

**VIA OVERNIGHT MAIL & EMAIL**

Nora A. Valenza-Frost, Esq.
Carlton Fields
Attorneys for Lexington Insurance
405 Lexington Avenue, 36th Floor
New York, NY 10174-0002
NValenza-Frost@carltonfields.com

Robert W. DiUbaldo, Esq.
Carlton Fields
Attorneys for Lexington Insurance
405 Lexington Avenue, 36th Floor
New York, NY 10174-0002
RDiUbaldo@carltonfields.com

John D. McKenna, Esq.
Attorneys for Sparta Insurance
L'Abbate, Balkan, Colavita & Contini, LLP
1001 Franklin Avenue
Garden City, NY 11530
jmckenna@lbcclaw.com

AIG Insurance
Claims Administer for Lexington Insurance
PO Box 10006
Shawnee Mission, KS 66225
charmaine.brooks@aig.com

Amber Bishop Claims Manager
Capacity Group of NY
1 Blue Hill Plaza
Pearl River, NY 10965
abishop@capacityny.com

Re:   **Tameake Macklin v. Altfest Auto Leasing, Inc.**

To Whom It May Concern:

Please be advised that this office is counsel to Koenigsberg & Associates, attorneys for the plaintiff Tameake Macklin in the above-captioned matter. We are serving you and as well as the attorneys record for the parties in this case with a judgment with notice of entry in the amount of $6,031,475.00 in favor of the plaintiff against the defendants.

We also annex hereto an assignment of rights issued by the defendants Happy Child Transportation, LLC, All Star Bus Service Co., LLC and Levander Polk in favor of the plaintiff

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 10

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

assigning to the latter all right title and interest to all claims and causes of action that those defendants possess with respect to "claims of bad faith, contract indemnification, wrongful disclaimer, contractual contribution …" including those arising out of "the manner in which said entities provided insurance coverage, underlying insurance, excess insurance coverage …".

Pursuant to Insurance Law §3420(b)(1), any person who "has obtained judgment against the insured … for injuries sustained or loss of damage occasioned during the life of the policy or contract" may maintain an action against the insurer "subject to the limitations and conditions of paragraph two of Subsection (a) hereof." Insurance Law §3420(a)(2) states "in case judgment against the insured … shall remain unsatisfied at the expiration of 30 days from the serving of notice of entry of the judgment upon the attorney for the insured, or upon the insured, or upon the insurer, then an action may … be maintained against the insurer."

In essence, §3420 of the Insurance Law grants an injured party a right to sue the tortfeasor's insurer, but only where the injured party first obtained a judgment against the tortfeasor, serves the insurance company with a copy of the judgment and waits 30 days for payment. See, Lang v. Hanover Insurance, 3 NY3d 350, 354-355 [2004]. Compliance with these requirements are a condition precedent to a direct action against the insurance company. See, Thrasher v. United States Liability Insurance Company, 19 NY2d 159 [1967].

Please contact the undersigned upon receipt of this correspondence. Please be further advised that failure to satisfy the judgment will allow plaintiff to commence an action directly against you at the conclusion of the statutorily mandated time period.

Very truly yours,

Brian J. Isaac, Esq.

CC:

**VIA EMAIL**
Koenigsberg & Associates Law Offices
1213 Avenue U
Brooklyn, New York 11229
pdk212@gmail.com
rsw929@yahoo.com
rcrpersonal929@yahoo.com

Robert Donohue, Esq.
Donohue Law Firm, PC
745 5th Avenue, 5th Floor
New York, New York 10151
Tel: 212-972-5252
rdonohue@donohue-law.com

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM          INDEX NO. 155233/2020
NYSCEF DOC. NO. 10                                         RECEIVED NYSCEF: 06/03/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
TAMEAKE MACKLIN,                                    Index No.: 241/15

       Plaintiff,

     -against-                                    *JUDGMENT*

ALTFEST AUTO LEASING, INC., HAPPY CHILD
TRANSPORTATION, L.LC., ALL STAR BUS SERVICE CO.,
LLC, LEVANDER POLK and JASMINE T. WILLIAMS,

       Defendants.
-------------------------------------------------------------------X

      This matter, having appeared on October 3, 2019 before Judge Loren Baily-Schiffman

wherein the court granted partial summary judgment in favor of plaintiff against all defendants and

on October 4, 2019 the jury rendered a liability verdict of 85% in favor of plaintiff against

defendants ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION, L.LC.,

ALL STAR BUS SERVICE CO., LLC and LEVANDER POLK and a liability verdict of 15% in

favor of plaintiff against defendant JASMINE T. WILLIAMS, and the action against defendant

JASMINE T. WILLIAMS was subsequently settled and on October _____10_____, 2019,

taking into account a reduction of 15%, this court rendered, by agreement between the parties,

rendered a non-jury net verdict against defendants ALTFEST AUTO LEASING, INC., HAPPY

CHILD TRANSPORTATION, L.LC., ALL STAR BUS SERVICE CO., LLC and LEVANDER

POLK in favor of the plaintiff on the issue of damages as follows :

the sum of *two million* dollars ($ 2,000,000 )

for past pain and suffering,

the sum of *four million* dollars ($ 4,000,000 )

for future pain and suffering,

the sum of *two hundred ninety thousand* dollars ($ 290,000 )

for future lost wages, and

the sum of *one million* dollars ($ 1,000,000 )

for future medical expenses.

Total amount of damages is the sum of *seven million two hundred ninety thousand* dollars ($ 7,290,000 )

NOW, upon the motion of Koenigsberg & Associates, P.C., attorneys for plaintiff, it is

Case 1:20-cv-05372-ER Document 1-1 Filed 07/13/20 Page 63 of 126

ADJUDGED, that,

Based upon the high-low agreement of $1,000,000.00 -$6,000,000.00 entered into by the parties before this court, the verdict is adjusted accordingly, and it is ADJUDGED that TAMEAKE MACKLIN, residing at 60 CLARKSON AVENUE, Brooklyn, NY 11226 against defendants ALTFEST AUTO LEASING, INC., residing at 1250 Broadway, Hewlett NY 11557 HAPPY CHILD TRANSPORTATION, L.L.C., residing at 436 Spencer Street, Staten Island, NY 10314, ALL STAR BUS SERVICE CO., LLC residing at 900 South Avenue, Staten Island, NY 10314 and LEVANDER POLK residing at 951 Thomas S. Boyland Street, Brooklyn, NY 11212, in

the sum of SIX MILLION DOLLARS AND NO CENTS ($6,000,000.00), with interest from October 3, 2019 in the sum of            dollars ($              ),together with costs and disbursements in

the sum of                                      dollars ($ 1,100          ),

amounting in all to

the sum of                                      dollars ($              ),

and that plaintiff have execution thereof.

ENTER FORTHWITH

Dated 10-22-19 _____    _____

HON LOREN BAILY-SCHIFFMAN

**HON. LOREN BAILY-SCHIFFMAN**

Judgment ENTERED This

____Day of _____,2019

CLERK

Case 1:20-cv-05373-ER   Document 1-1   Filed 07/13/20   Page 64 of 126

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------X

TAMEAKE MACKLIN,

                                                    Index No.: 241/15

          Plaintiff,

-against-                                           **_BILL OF COSTS_**


ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION,
L.L.C., ALL STAR BUS SERVICE CO., LLC, LEVANDER POLK and
JASMINE T. WILLIAMS,

          Defendants.

--------------------------------------------------------------X

**COSTS:**

| | |
|---|---|
| Costs before Note of Issue - CPLR 8201(1) Costs | 200.00 |
| after Note of Issue - CPLR 8201(1) Trial of | 200.00 |
| issue- CPLR 8201(3) | 300.00 |

TOTAL COSTS:                               $   700.00

**DISBURSEMENTS:**

| | | |
|---|---|---|
| Fee for Index number - CPLR 8018 (a) | | 210.00 |
| Note of Issue - CPLR 8020(a) | | 30.00 |
| Jury fee- CPLR 8020 (c)(l) | | 65.00 |
| RJI | $ | 95.00 |

TOTAL DISBURSEMENTS             $  400.00

| | |
|---|---|
| TOTAL COSTS | $700.00 |
| TOTAL DISBURSEMENTS | $400.00 |
| **TOTAL** | **$1,100.00** |

     Paul Koenigsberg, an attorney duly admitted to practice in the Courts of the State of

New York, affirms as follows:

     The foregoing disbursements have been or will be necessary to be made or incurred in

this action and are reasonable in amount.

                                   _Paul Koenigsberg_
                                   PAUL KOENIGSBERG, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
TAMEAKE MACKLIN,

                 Plaintiff,

          Index No.: 241/15

-against-

          AFFIRMATION

ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION,
L.L.C., ALL STAR BUS SERVICE CO., LLC, LEVANDER POLK and
JASMINE T. WILLIAMS,

                 Defendants.
---------------------------------------------------------------X

        Paul Koenigsberg, an attorney admitted to practice in the Courts of New York affirms, under

penalty of perjury:

1. I am the attorney for plaintiff herein.

2. This matter appeared for a non-jury trial on damages on October 10, 2019 before Honorable Judge
   Loren Baily-Schiffman whereinanet verdictwasrendered and reduced pursuant to a high low
   agreementintheamountof Six Million Dollars, inclusive of past and future pain and suffering, loss of
   earnings and future medical costs against defendants ALTFEST AUTO LEASING, INC., HAPPY
   CHILD TRANSPORTATION, L.LC., ALL STAR BUS SERVICE CO., LLC and LEVANDER
   POLK.

3. To date defendants ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION,
   L.LC., ALL STAR BUS SERVICE CO., LLC and LEVANDER POLK have failed to
   tenderpayment.

        Accordingly, your affirmant requests that Judgment be entered with costs, interest and

disbursements of this matter.

Dated: Brooklyn, New York
      October 11, 2019

                                       _Paul Koenigsberg_
                                    PAUL KOENIGSBERG, ESQ.

ADJUDGED, that,

Based upon the high-low agreement of $1,000,000.00 -$6,000,000.00 entered into by the parties before

this court, the verdict is adjusted accordingly, and it is ADJUDGED that TAMEAKE MACKLIN, ①

residing at 60 CLARKSON AVENUE, Brooklyn, NY 11226 against defendants ALTFEST AUTO ②

LEASING, INC., residing at 1250 Broadway, Hewlett NY 11557 HAPPY CHILD ③

TRANSPORTATION, L.L.C., residing at 436 Spencer Street, Staten Island, NY 10314, ALL STAR ④

BUS SERVICE CO., LLC residing at 900 South Avenue, Staten Island, NY 10314 and LEVANDER

POLK residing at 951 Thomas S. Boyland Street, Brooklyn, NY 11212, in

the sum of SIX MILLION DOLLARS AND NO CENTS ($6,000,000.00), with interest from October 3,

2019 in the sum of _Thirty thousand_ dollars ($ _30,000. –_ ), together with costs and
                     _& zero cents_

disbursements in

the sum of _one thousand Four hundred_ dollars ($ _1,475.–_ ),
           _Seventy five dollars & zero cents_

amounting in all to

the sum of _Six million thirty one thousand_ dollars ($ _6,031,475.⁰⁰_ ),
           _Four hundred Seventy five dollars &_
and that plaintiff have execution thereof.    _zero cents_

ENTER FORTHWITH

Dated _10-22-19_                    _V3S_

HON LOREN BAILY-SCHIFFMAN

**HON. LOREN BAILY-SCHIFFMAN**

Judgment ENTERED This
_22ⁿᵈ_ Day of _October_ ,2019

_Nancy T. Sunshine_
CLERK

NANCY T. SUNSHINE
Clerk

2019 OCT 22 PM 12:56
FILED
KINGS COUNTY CLERK

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM        INDEX NO. 522250/2020
NYSCEF DOC. NO. 10                                       RECEIVED NYSCEF: 06/03/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------X

TAMEAKE MACKLIN,

      Plaintiff,                                       Index No.: 241/15

-against-

                                 **BILL OF COSTS**

ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION,
L.LC., ALL STAR BUS SERVICE CO., LLC, LEVANDER POLK and
JASMINE T. WILLIAMS,

      Defendants.

--------------------------------------------------------X

*Costs at $ 1,475.*
*This 22 day of October 20 19*
*Nancy T. Sunshine*
*Clerk of Court Kings County*
NANCY T. SUNSHINE
Clerk

**COSTS:**

| | |
|---|---|
| Costs before Note of Issue-CPLR 8201(1) Costs | 200.00 |
| after Note of Issue - CPLR 8201(1) Trial of | 200.00 |
| issue- CPLR 8201(3) | 300.00 |

TOTAL COSTS:                                    $   700.00

**DISBURSEMENTS:**

*Service*

| | |
|---|---|
| Fee for Index number - CPLR 8018 (a) | 105  210.00 |
| Note of Issue - CPLR 8020(a) | 30.00 |
| Jury fee- CPLR 8020 (c)(l) | 65.00 |
| RJI | $   95.00 |
| *Motions* | 180 |
| TOTAL DISBURSEMENTS | $   400.00  775. |

| | |
|---|---|
| TOTAL COSTS | $700.00 |
| TOTAL DISBURSEMENTS | $400.00  775. |
| **TOTAL** | $1,100.00  $1,475. |

*KINGS COUNTY CLERK FILED 2019 OCT 22 PM 12: 57*

      Paul Koenigsberg, an attorney duly admitted to practice in the Courts of the State of

New York, affirms as follows:

      The foregoing disbursements have been or will be necessary to be made or incurred in

this action and are reasonable in amount.

                                  *Paul Koenigsberg*
                                PAUL KOENIGSBERG, ESQ.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 10

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

# ASSIGNMENT OF RIGHTS

WITNESSETH, that HAPPY CHILD TRANSPORTATION, L.L.C., ALL STAR BUS SERVICE CO., LLC, and LEVANDER POLK, ("Assignors"), hereby assign and transfer to TAMEAKE MACKLIN, ("Assignee"), her successors and assigns, all of their right, title and interest in any and all claims and/or causes of action, including, but not limited to, bad faith, contract indemnification, wrongful disclaimer, contractual contribution, common law contribution, and any other claims they might have against any insurance company, and/or any other person or persons, arising out of the manner in which said entities provided insurance coverage, underlying insurance, excess insurance coverage, stacking insurance, concurrent insurance, and/or defense and/or indemnification for Assignors in regard to a claim for injuries sustained by TAMEAKE MACKLIN in a motor vehicle accident of May 5, 2014, and/or in a cause of action entitled TAMEAKE MACKLIN v. ALTFEST AUTO LEASING, INC., HAPPY CHILD TRANSPORTATION, L.LC, ALL STAR BUS SERVICE CO., LLC, LEVANDER POLK and JASMINE T. WILLIAMS, Supreme Court/Kings County, Index #241/15 ("Macklin Action"), arising out of the accident dated May 5, 2014.

In consideration of this assignment, Assignee hereby agrees that Assignee shall not take any actions whatsoever to execute and/or otherwise collect against any of the personal assets of Assignors and ALTFEST AUTO LEASING, INC. (indemnitee of HAPPY CHILD TRANSPORTATION, L.L.C.) on a certain judgment that was entered and filed on October 22, 2019 in the Macklin Action ("Judgment"), the collection of which Judgment is hereby waived now and forever as against Assignors and ALTFEST AUTO LEASING, INC.

It is further agreed, that Assignors shall, upon reasonable notice, take any and all actions reasonably necessary to fully cooperate with Assignee in every fashion in any claim, or cause of action, including appearing for depositions, providing documents, providing testimony, and will comply with all reasonable requests made by Assignee in regard to Assignee's prosecution of Assignors' claims assigned by this assignment.

This assignment constitutes the entire agreement between the parties with respect to the subject matter thereof, and all agreements and/or understandings heretofore had between the parties with respect to the subject matter of this agreement are merged into the terms of this assignment.

The parties each represent and warrant that they have not relied upon any representation, express or implied, in entering into this assignment, except those set forth in this agreement.

This assignment may not be waived, amended, modified, or discharged, except by an agreement in writing signed by the party against whom such waiver, amendment, modification, or discharge is sought. No oral understanding or agreement shall be effective to waive, amend, modify, or discharge the terms and/or conditions of this assignment.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 10

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

This assignment shall be binding upon the successors and/or assigns of each party hereto.

Signature on an electronic or facsimile copy of this assignment shall have the same force and effect as an original signature. This assignment may be executed in separate counterparts.

Any notices to be sent hereunder shall be sent by first class mail, return receipt requested or by overnight mail to the parties.

Dated:      New York, NY
                   , 2019

HAPPY CHILD TRANSPORTATION, L.L.C.

by

ALL STAR BUS SERVICE CO., LLC,

by

Sworn to before me this
\\ day of ~~November~~, 2019
December

NOTARY PUBLIC

MIRIAM MUNOZ
Notary Public - State of New York
NO. 01MU6227054
Qualified in Richmond County
My Commission Expires 8/23/2021

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

# Exhibit J

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM   INDEX NO. 652230/2020

NYSCEF DOC. NO. 11   RECEIVED NYSCEF: 06/03/2020

# LB&C

Attorneys at Law

**L'Abbate, Balkan, Colavita & Contini,** L.L.P.
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

John D. McKenna, Esq.
Partner
jmckenna@lbcclaw.com
(516) 837-7370

January 31, 2020

**BY EMAIL AND REGULAR MAIL**
bji@ppid.com

Brian J. Isaac, Esq.
Pollack, Pollack, Isaac & De Cicco, LLP
225 Broadway, 3rd Floor
New York, NY 10007

Re:   *Tameake Macklin v. Altfest Auto Leasing, Inc., et al.*
Our File No.   :   19 2799 103846

Dear Mr. Isaac:

As you are aware, we have been retained to act as coverage counsel on behalf of SPARTA Insurance Company ("SPARTA") in connection with the above-referenced matter, entitled: *"Tameake Macklin v. Altfest Auto Leasing, Inc., Happy Child Transportation, L.L.C., All Star Bus Service Co., LLC., Levander Polk and Jasmine T. Williams"* (Index No. 241/2015), which is pending in the New York Supreme Court, Kings County (the *"Macklin* Action"). SPARTA issued a package insurance policy to Happy Child Transportation, LLC ("Happy Child"), bearing Policy No. 031CP00251, for the period January 1, 2014 to January 1, 2015 (the "SPARTA Policy"). The SPARTA Policy provides liability coverage in the amount of $1 million for Symbols 7 (Specifically Described "Autos"), 8 (Hired "Autos" Only) and 9 (Non-owned "Autos" Only). The SPARTA Policy was endorsed on April 3, 2014 (approximately one month prior to the automobile accident which is the subject of the *Macklin* Action) to remove All Star Bus Service Co., LLC ("All Star Bus Service") as an insured.

We are writing in response to your correspondence of January 17, 2020 in which you: (i) served SPARTA with a judgment with notice of entry in the amount of $6,031,475 against the defendants in the *Macklin* Action; and (ii) annexed a copy of an assignment of rights (the "Assignment") issued by the defendants – Happy Child, All Star Bus Service and Levander Polk ("Polk") – in favor of the plaintiff, Tameake Macklin ("Macklin"). More specifically, you indicate that a failure to satisfy the judgment will allow Macklin to commence an action directly against SPARTA.

We hereby reiterate that there is no coverage under the SPARTA Policy for the claims against Happy Child in connection with the *Macklin* Action and your correspondence of January 17, 2020 does not change SPARTA's coverage position. In this regard, we highlight that SPARTA issued a declination of coverage to Happy Child on September 27, 2019 (along with a coverage position letter to Macklin's counsel on October 1, 2019 and a supplemental declination of coverage to Happy Child on October 11, 2019). Copies of the September 27, 2019, October 1, 2019 and October 11, 2019 letters are enclosed herewith. We have also advised National

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

Continental Insurance Company ("National Continental"), which is defending Happy Child and certain other defendants in the *Macklin* Action, of the non-existence of coverage under the SPARTA Policy.

As you know, the *Macklin* Action arises out of an alleged automobile accident that occurred on May 5, 2014, wherein Macklin claims to have sustained injuries while in the course of her employment as a bus matron for Happy Child. The police report states that the alleged accident involved a school bus registered to Happy Child (the "School Bus"). In the *Macklin* Action, Macklin alleges, in part, that Happy Child owned the "Chevrolet motor vehicle bearing New York State license plate number 14915SH [that was] operated by Defendant Levander Polk in which Plaintiff Tameake Macklin was a passenger was involved in a collision with a Nissan motor vehicle ... operated by Defendant Jasmine T. Williams." Macklin further alleges that "as a result of the aforesaid contact, Plaintiff Tameake Macklin ... sustained severe and permanent personal injuries; and ... was otherwise damaged." Macklin generally asserts that the "Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles". Thus, the *Macklin* Action seeks unspecified damages that are "greater than basic economic loss as to satisfy the exceptions of §5104 of the New York Insurance Law" and that are "not recoverable through no-fault insurance".

As outlined in SPARTA's enclosed coverage position letters (the contents of which are incorporated herein), SPARTA's declination of coverage is based upon the following: (i) there has been no evidence submitted that the School Bus in question was a covered "auto" under the SPARTA Policy; (ii) the applicability of exclusions 4. Employee Indemnification and Employer's Liability and 5. Fellow Employee to the SPARTA Policy; and (iii) that Happy Child's September 20, 2019 notice to SPARTA of the *Macklin* Action which was filed in January 2015 was not timely as required by the SPARTA Policy and has resulted in prejudice to SPARTA.

As to the Assignment, we note that the Common Policy Conditions form of the SPARTA Policy provides, in pertinent part, as follows:

**F.     Transfer Of Your Rights And Duties Under This Policy**

> Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

* * *

The Assignment was issued without SPARTA's consent (written or otherwise) and it is, therefore, invalid. As such, the failure to obtain SPARTA's written consent (as required by the SPARTA Policy) invalidates the efficacy of the transfer of any insurance coverage rights Happy Child, All Star Bus Service or Polk may have under the SPARTA Policy (which we do not concede exist in the first instance – as outlined above and in the enclosed coverage position letters). In any event, we highlight that while coverage is unavailable to All Star Bus Service



FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

and Polk, neither has ever placed SPARTA on notice or sought coverage under the SPARTA Policy.

The policy provisions and issues which have been set forth above have been brought to the attention of Macklin, Happy Child, All Star Bus Service and Polk so that they are fairly informed of their existence, and of the grounds for non-coverage which exist. This recitation is not necessarily exhaustive, however, and to the extent that a particular term, condition, limitation or exclusion has not been cited, or an issue not referenced, that was not intended to be (nor should it be considered as) a waiver of any rights which SPARTA may have under its policy.

Thank you for your attention to the foregoing.

Very truly yours,

JOHN D. McKENNA

JDM/TMA:jds
Enclosures

cc:   Mr. John J. Marzo
      Happy Child Transportation, LLC
      happychild1@verizon.net

      Amber Bishop, Claims Manager
      Capacity Group of NY
      abishop@capacityny.com

      Charmaine Brooks
      AIG Claims
      charmaine.brooks@aig.com

      Donohue Law Firm
      *Attorneys for Happy Child Transportation, LLC*
      rdonohue@donohue-law.com

      Paul Koenigsberg, Esq.
      Koenigsberg & Associates, P.C.
      *Attorneys for Plaintiff*
      pdk212@gmail.com

      Robert W. DiUbaldo, Esq.
      Carlton Fields
      rdiubaldo@carltonfields.com

      Nora A. Valenza-Frost, Esq.
      Carlton Fields
      NValenza-Frost@carltonfields.com



FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

Patrick Larkin
National Continental Insurance Company
Patrick_Larkin@progressive.com



FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020



Attorneys at Law
L'Abbate, Balkan, Colavita & Contini, L.L.P.
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

John D. McKenna, Esq.
Partner
jmckenna@lbcclaw.com
(516) 837-7370

September 27, 2019

**BY EMAIL, REGULAR MAIL**
**AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
happychild1@verizon.net

John J. Marzo
Happy Child Transportation, LLC
436 Spencer Street
Staten Island, NY 10314

Re:     *Tameake Macklin v. Altfest Auto Leasing, Inc., et al.*
Our File No.   :     19 2799 103846

Dear Mr. Marzo:

We have been retained to act as coverage counsel on behalf of SPARTA Insurance Company ("SPARTA") in connection with the above-referenced matter, entitled: *"Tameake Macklin v. Altfest Auto Leasing, Inc., Happy Child Transportation, I.L.C., All Star Bus Service Co., LLC. Levander Polk and Jasmine T. Williams"* (Index No. 241/2015), which is pending in the New York Supreme Court, Kings County (the *"Macklin* Action"). As you know, SPARTA issued a package insurance policy to Happy Child Transportation, LLC ("Happy Child"), bearing Policy No. 031CP00251, for the period January 1, 2014 to January 1, 2015 (the "SPARTA Policy"). The SPARTA Policy includes a Business Auto Coverage form which provides a $1 million limit for specifically-defined "autos" as further explained below.

The *Macklin* Action arises out of an alleged automobile accident that occurred on May 5, 2014, wherein plaintiff Tameake Macklin ("Macklin") claims to have sustained injuries while in the course of her employment as a bus matron for Happy Child. The police report states that the alleged accident involved a school bus registered to Happy Child (the "School Bus"). In the *Macklin* Action, Macklin alleges, in part, that Happy Child owned the "Chevrolet motor vehicle bearing New York State license plate number 14915SH [that was] operated by Defendant Levander Polk [("Polk")]) in which Plaintiff Tameake Macklin was a passenger was involved in a collision with a Nissan motor vehicle … operated by Defendant Jasmine T. Williams." Macklin further alleges that "as a result of the aforesaid contact, Plaintiff Tameake Macklin … sustained severe and permanent personal injuries; and … was otherwise damaged." Macklin generally asserts that the "Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles". Thus, the *Macklin* Action seeks unspecified damages that are "greater than basic economic loss as to satisfy the exceptions of §5104 of the New York Insurance Law" and that are "not recoverable through no-fault insurance".

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

The *Macklin* Action was instituted on or about January 28, 2015. However, not until September 20, 2019, did SPARTA receive first notice of the *Macklin* Action. The initial notice to SPARTA confirmed that both Macklin and Polk were employees of Happy Child on the date of the alleged accident. More importantly, the notice included a letter, dated September 18, 2019, sent by Macklin's counsel to AIG Insurance Company ("AIG") (with a copy to the Happy Child's defense counsel, the Donohue Law Firm), listing Happy Child as the insured thereunder (the "Settlement Letter").

The Settlement Letter offered a time-sensitive (and final) pre-trial settlement demand of $5 million and warned that the "offer will expire at 5 P.M. on Friday September 20, 2019 after which time … [Macklin would] pursue this matter to verdict." The Settlement Letter also stated that "this matter was scheduled for Final Jury Selection today and Jury Selection has commenced" and that "all of [the Happy Child] defendants are precluded from testifying at trial or offering affidavits in support of their defense." According to the court docket in the *Macklin* Action, jury selection has since been completed and trial is scheduled to proceed on October 2, 2019.

\* \* \*

Based upon our review of the information and documentation in SPARTA's possession, we must advise Happy Child that there is no coverage available under the SPARTA Policy for the *Macklin* Action. The purpose of this correspondence is to outline for you those provisions of the SPARTA Policy which preclude any obligation on the part of SPARTA to defend or indemnify Happy Child in connection with this matter. Although notice has not been provided by Polk (the driver of the School Bus, there is likewise no coverage available for him under the SPARTA Policy.

First, we note that the SPARTA Policy provides, in pertinent part, as follows:

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.**

| COVERAGES | COVERED AUTOS | LIMIT | PREMIUM |
|---|---|---|---|
| LIABILITY | 7, 8, 9 | $1,000,000 | |

\* \* \*

**BUSINESS AUTO COVERAGE FORM**

**SECTION I – COVERED AUTOS**

\* \* \*



2

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM   INDEX NO. 652230/2020
NYSCEF DOC. NO. 11                                         RECEIVED NYSCEF: 06/03/2020

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

## A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| | * * * | |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three. |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

* * *

## SECTION II – LIABILITY COVERAGE

### A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

* * *

We have the right and duty to defend any "insured" against a "suit" asking for such damages … However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" … to which this insurance does not apply…

* * *

Thus, the SPARTA Policy is only implicated if an "insured" would be obligated to pay damages for "bodily injury" caused by an "accident" involving a covered "auto". At this time, it is unclear whether the School Bus is covered under Symbol 7 Specifically Described "Autos", as we are not in possession of the School Bus' VIN number. Also, Macklin's allegations and the police report indicate that the School Bus was owned by Happy Child. Thus, the School Bus is not covered



3

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

under Symbol 8 Hired "Autos" Only, and it is likewise not covered under Symbol 9 Nonowned "Autos" Only.

Second, even if the *Macklin* Action concerned a covered "auto", coverage for Happy Child would be precluded by several exclusions to the SPARTA Policy. In that regard, the SPARTA Policy provides, in pertinent part, as follows:

**B. Exclusions**

This insurance does not apply to any of the following:

\* \* \*

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business;...

\* \* \*

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \*

**5. Fellow Employee**

"Bodily injury" to:

**a.** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business;...

\* \* \*

We reiterate that the notice of claim states that Macklin was an employee of Happy Child on the date of the accident, and thus, there is no coverage for her injuries. The Employee Exclusion applies to preclude coverage even if Happy Child "may be liable as an employer or in any other capacity", such as vicarious liability, and even if Happy Child becomes obligated "to share damages with or repay someone else who must pay damages because of the injury."



4

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

Furthermore, Macklin's allegations and the notice of claim also confirmed that Polk, the School Bus driver, was also an employee of Happy Child on the date of the accident. Though coverage for Polk has not be sought in this matter, we note that the SPARTA Policy's insuring agreement does define "insured" as "[a]nyone else while using with your permission a covered "auto" you own…". Nevertheless, the SPARTA Policy excludes coverage for "bodily injury" to an insured's fellow employees. Here, Macklin was Polk's (the would-be insured) fellow employee, and thus, there is no coverage for Polk in the *Macklin* Action.

Finally, Happy Child has failed to comply with the notice provisions of the SPARTA Policy. In that regard, the SPARTA Policy provides, in pertinent part, as follows:

### SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

#### A. Loss Conditions

\* \* \*

**2. Duties In The Event Of Accident, Claim, Suit, Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss". You must give us or our authorized representative prompt notice of the "accident" or "loss"…

\* \* \*

**b.** Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

\* \* \*

The *Macklin* Action was filed in January 2015 and Happy Child has since been actively involved in the litigation, although it is apparently barred from testifying at trial in its defense. We understand that jury selection has already begun, and previous proceedings in this matter have



5

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

precluded the defendants from testifying at trial. Having only notified SPARTA on September 20, 2019, Happy Child has unreasonably and inexcusably prevented SPARTA from exercising its rights to investigate this matter. Moreover, Macklin's final offer to settle expired on September 20, 2019, just a few hours after Happy Child first notified SPARTA of the *Macklin* Action. As such, even if the SPARTA Policy provided coverage for Happy Child in connection with the *Macklin* Action, the late notice has substantially prejudiced SPARTA.

\* \* \*

The policy provisions and issues which have been set forth above have been brought to the attention of Happy Child so that it is fairly informed of their existence, and of the grounds for non-coverage which exist. This recitation is not necessarily exhaustive, however, and to the extent that a particular term, condition, limitation or exclusion has not been cited, or an issue not referenced, that was not intended to be (nor should it be considered as) a waiver of any rights which SPARTA may have under its policy.

We have written to you in a representative capacity on behalf of Happy Child. Please let us know if we need to direct this correspondence to anyone else.

Please advise us if there is any additional information or documentation you would like us to consider so we can review the same and provide SPARTA's updated coverage position.

Thank you for your attention to the foregoing.

Very truly yours,

JOHN D. McKENNA

JDM/AMP:jds

cc:    Amber Bishop, Claims Manager
       Capacity Group of NY
       abishop@capacityny.com

       Latoyta Baskett
       AIG Claims
       latoyta.baskett@aig.com

       Donohue Law Firm
       *Attorneys for Happy Child Transportation, LLC*
       rdonohue@donohue-law.com

       Paul Koenigsberg, Esq.
       Koenigsberg & Associates, P.C.
       *Attorneys for Plaintiff*
       pdk212@gmail.com



6

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
INDEX NO. 652230/2020
NYSCEF DOC. NO. 11
RECEIVED NYSCEF: 06/03/2020



Attorneys at Law

**L'Abbate, Balkan, Colavita & Contini, L.L.P.**

1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

John D. McKenna, Esq.
Partner
jmckenna@lbcclaw.com
(516) 837-7370

October 1, 2019

**BY EMAIL AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
pdk212@gmail.com

Paul Koenigsberg, Esq.
Koenigsberg & Associates, P.C.
1213 Avenue U
Brooklyn, New York 11229

    Re:   *Tameake Macklin v. Altfest Auto Leasing, Inc., et al.*
          Our File No.  :     19 2799 103846

Dear Mr. Koenigsberg:

    As you know, we are coverage counsel for SPARTA Insurance Company ("SPARTA") in connection with the above-referenced matter, entitled: *"Tameake Macklin v. Altfest Auto Leasing, Inc., Happy Child Transportation, L.L.C., All Star Bus Service Co., LLC. Levander Polk and Jasmine T. Williams"* (Index No. 241/2015), which is pending in the New York Supreme Court, Kings County (the *"Macklin* Action"). We write in response to your letter dated September 28, 2019 and as a follow up to SPARTA's declination of coverage dated September 27, 2019. **A copy of the declination is enclosed as Exhibit "A"** and the contents of which are incorporated herein.

    SPARTA issued a package insurance policy to Happy Child Transportation, LLC ("Happy Child"), bearing Policy No. 031CP00251, for the period January 1, 2014 to January 1, 2015 (the "SPARTA Policy"). The SPARTA Policy includes a Business Auto Coverage form which provides Personal Injury Protection (or equivalent No-fault Coverage) for Symbol 5 Owned "Autos" Subject to No-fault, which the SPARTA Policy defines as "[o]nly those 'autos' you own that are required to have no-fault benefits in the state where they are licensed or principally garaged." In turn, the SPARTA Policy provides liability coverage in the amount of $1 million for Symbols 7 (Specifically Described "Autos"), 8 (Hired "Autos" Only) and 9 (Non-owned "Autos"Only).

    By letter dated June 3, 2014, your office submitted a "claim under the uninsured motorist and undersigned motorist provision of the above referenced policy" on behalf of Ms. Macklin (the "PIP Claim"). **A copy of your June 3, 2014 letter is enclosed as Exhibit "B"**. Gallagher Bassett Services Inc. (SPARTA's third-party administrator)("Gallagher Bassett") acknowledged receipt of the PIP Claim on June 10, 2014 and by August 7, 2014 notice issued to Happy Child (with a copy to your office), the PIP Claim was denied. **A copy of the August 7, 2014 denial of the PIP claim is enclosed as Exhibit "C"**. No one challenged the denial of the PIP claim and, more importantly, no

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM   INDEX NO. 652230/2020

NYSCEF DOC. NO. 11                                          RECEIVED NYSCEF: 06/03/2020

one provided notice to SPARTA or of the *Macklin* Action which was filed in January 2015 until ten (days) ago.

With respect to the assertion concerning timely notice to SPARTA of the *Macklin* Action, you state in the September 28, 2019 letter that "SPARTA had notice of the claim dating back to soon after the subject accident." In response, be advised that notice of the accident is distinct from notice of the commencement of litigation concerning the accident. *American Transit Ins. Co. v. Sartor*, 3 N.Y.3d 71 (2004). "[A]n insurer may [separately] demand that it receive timely notice of a claimant's commencement of litigation." *See id.* "The purpose of such notice is to provide the insurer with a fair and reasonable opportunity to appear and defend against a claim or exercise its right to settle the matter." *Id.* In *American Transit*, "the policy issued ... condition[ed] its coverage obligation upon receipt of 'immediate written notice of any ... notice of claims for damages on account of such accidents.' The policy further state[d] that '[i]f any suit is brought against the Insured to recover such damages the Insured shall immediately forward to the Company every summons or other process served upon him." The Court of Appeals held that the "insurer's receipt of such notice is therefore a condition precedent to its liability under the policy... [and] failure to satisfy this requirement may allow an insurer to disclaim its duty to provide coverage." *Id.* (citations omitted).

Here, the notice of the PIP Claim submitted in June 2014 was not sufficient to notify SPARTA of the *Macklin* Action instituted nearly eight months later.

As provided in our previous letter, the SPARTA Policy contains similar language to that in *American Transit*. The SPARTA Policy required Happy Child to "give [SPARTA] or our authorized representative prompt notice of the 'accident' or 'loss'... [*and* a]dditionally, ... [to i]mmediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or 'suit'". Happy Child has been involved in the *Macklin* Action for some time. However, Happy Child did not notify SPARTA of the *Macklin* Action until September 20, 2019, almost four (4) years after it was instituted.

The prejudice to SPARTA caused by Happy Child's untimely notice is great. As stated in your September 18, 2019 settlement letter to AIG, Happy Child and other defendants are apparently barred from testifying at trial in their own defense, jury selection has already been completed, and trial is schedule to commence this week. Moreover, Macklin's final offer to settle has expired. Happy Child has unreasonably and inexcusably prevented SPARTA from exercising its rights to investigate this matter. Furthermore, we reiterate that the September 20, 2019 notice of claim (like the June 3, 2014 notice of the PIP Claim) states that Macklin was an employee of Happy Child on the date of the alleged accident, and thus, coverage under the SPARTA Policy is excluded as set forth in declination of coverage dated September 27, 2019. In that regard, we once again note that the SPARTA Policy provides, in pertinent part, as follows:

**A. Exclusions**

This insurance does not apply to any of the following:

\* \* \*



INDEX NO. 652230/2020

4. **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

   (1) Employment by the "insured"; or

   (2) Performing the duties related to the conduct of the "insured's" business;…

\* \* \*

This exclusion applies:

   (1) Whether the "insured" may be liable as an employer or in any other capacity; and

   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \*

5. **Fellow Employee**

"Bodily injury" to:

a. Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business;…

\* \* \*

The policy provisions and issues which have been set forth above have been brought to the attention of Happy Child and Ms. Macklin so that they are fairly informed of their existence, and of the grounds for non-coverage which exist. This recitation is not necessarily exhaustive, however, and to the extent that a particular term, condition, limitation or exclusion has not been cited, or an issue not referenced, that was not intended to be (nor should it be considered as) a waiver of any rights which SPARTA may have under its policy.

Thank you for your attention to the foregoing.

Very truly yours,

JOHN D. McKENNA

JDM/AMP:jds
Enclosures



3

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM | INDEX NO. 652230/2020

NYSCEF DOC. NO. 11 | RECEIVED NYSCEF: 06/03/2020

cc:    John J. Marzo
Happy Child Transportation, LLC
happychild1@verizon.net

Amber Bishop, Claims Manager
Capacity Group of NY
abishop@capacityny.com

Charmaine Brooks
AIG Claims
charmaine.brooks@aig.com

Donohue Law Firm
*Attorneys for Happy Child Transportation, LLC*
rdonohue@donohue-law.com



4

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11                                                                RECEIVED NYSCEF: 06/03/2020

# EXHIBIT

# A



Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8302
www.lbcclaw.com

John D. McKenna, Esq.
Partner
jmckenna@lbcclaw.com
(516) 837-7370

September 27, 2019

**BY EMAIL, REGULAR MAIL
AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED**
happychild1@verizon.net

John J. Marzo
Happy Child Transportation, LLC
436 Spencer Street
Staten Island, NY 10314

Re:   *Tameake Macklin v. Altfest Auto Leasing, Inc., et al.*
      Our File No.   :     19 2799 103846

Dear Mr. Marzo:

We have been retained to act as coverage counsel on behalf of SPARTA Insurance Company ("SPARTA") in connection with the above-referenced matter, entitled: "*Tameake Macklin v. Altfest Auto Leasing, Inc., Happy Child Transportation, L.L.C., All Star Bus Service Co., LLC. Levander Polk and Jasmine T. Williams*" (Index No. 241/2015), which is pending in the New York Supreme Court, Kings County (the *Macklin* Action). As you know, SPARTA issued a package insurance policy to Happy Child Transportation, LLC ("Happy Child"), bearing Policy No. 031CP00251, for the period January 1, 2014 to January 1, 2015 (the "SPARTA Policy"). The SPARTA Policy includes a Business Auto Coverage form which provides a $1 million limit for specifically-defined "autos" as further explained below.

The *Macklin* Action arises out of an alleged automobile accident that occurred on May 5, 2014, wherein plaintiff Tameake Macklin ("Macklin") claims to have sustained injuries while in the course of her employment as a bus matron for Happy Child. The police report states that the alleged accident involved a school bus registered to Happy Child (the "School Bus"). In the *Macklin* Action, Macklin alleges, in part, that Happy Child owned the "Chevrolet motor vehicle bearing New York State license plate number 14915SH [that was] operated by Defendant Levander Polk [("Polk")] in which Plaintiff Tameake Macklin was a passenger was involved in a collision with a Nissan motor vehicle … operated by Defendant Jasmine T. Williams." Macklin further alleges that "as a result of the aforesaid contact, Plaintiff Tameake Macklin … sustained severe and permanent personal injuries; and … was otherwise damaged." Macklin generally asserts that the "Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles". Thus, the *Macklin* Action seeks unspecified damages that are "greater than basic economic loss as to satisfy the exceptions of §5104 of the New York Insurance Law" and that are "not recoverable through no-fault insurance".

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

INDEX NO. 652230/2020

NYSCEF DOC. NO. 11

RECEIVED NYSCEF: 06/03/2020

The *Macklin* Action was instituted on or about January 28, 2015. However, not until September 20, 2019, did SPARTA receive first notice of the *Macklin* Action. The initial notice to SPARTA confirmed that both Macklin and Polk were employees of Happy Child on the date of the alleged accident. More importantly, the notice included a letter, dated September 18, 2019, sent by Macklin's counsel to AIG Insurance Company ("AIG") (with a copy to the Happy Child's defense counsel, the Donohue Law Firm), listing Happy Child as the insured thereunder (the "Settlement Letter").

The Settlement Letter offered a time-sensitive (and final) pre-trial settlement demand of $5 million and warned that the "offer will expire at 5 P.M. on Friday September 20, 2019 after which time … [Macklin would] pursue this matter to verdict." The Settlement Letter also stated that "this matter was scheduled for Final Jury Selection today and Jury Selection has commenced" and that "all of [the Happy Child] defendants are precluded from testifying at trial or offering affidavits in support of their defense." According to the court docket in the *Macklin* Action, jury selection has since been completed and trial is scheduled to proceed on October 2, 2019.

\* \* \*

Based upon our review of the information and documentation in SPARTA's possession, we must advise Happy Child that there is no coverage available under the SPARTA Policy for the *Macklin* Action. The purpose of this correspondence is to outline for you those provisions of the SPARTA Policy which preclude any obligation on the part of SPARTA to defend or indemnify Happy Child in connection with this matter. Although notice has not been provided by Polk (the driver of the School Bus, there is likewise no coverage available for him under the SPARTA Policy.

First, we note that the SPARTA Policy provides, in pertinent part, as follows:

### SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.**

| COVERAGES | COVERED AUTOS | LIMIT | PREMIUM |
|-----------|---------------|-------|---------|
| LIABILITY | 7, 8, 9 | $1,000,000 | |

\* \* \*

### BUSINESS AUTO COVERAGE FORM

### SECTION I – COVERED AUTOS

\* \* \*



2

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM INDEX NO. 652230/2020

NYSCEF DOC. NO. 11                                                                         RECEIVED NYSCEF: 06/03/2020

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| | | * * * |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three. |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

* * *

### SECTION II – LIABILITY COVERAGE

#### A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

* * *

We have the right and duty to defend any "insured" against a "suit" asking for such damages ... However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" ... to which this insurance does not apply...

* * *

Thus, the SPARTA Policy is only implicated if an "insured" would be obligated to pay damages for "bodily injury" caused by an "accident" involving a covered "auto". At this time, it is unclear whether the School Bus is covered under Symbol 7 Specifically Described "Autos", as we are not in possession of the School Bus' VIN number. Also, Macklin's allegations and the police report indicate that the School Bus was owned by Happy Child. Thus, the School Bus is not covered



3

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

under Symbol 8 Hired "Autos" Only, and it is likewise not covered under Symbol 9 Nonowned "Autos" Only.

Second, even if the *Macklin* Action concerned a covered "auto", coverage for Happy Child would be precluded by several exclusions to the SPARTA Policy. In that regard, the SPARTA Policy provides, in pertinent part, as follows:

### B.  Exclusions

This insurance does not apply to any of the following:

\* \* \*

4.  **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.**  An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business;...

\* \* \*

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \*

5.  **Fellow Employee**

"Bodily injury" to:

**a.**  Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business;...

\* \* \*

We reiterate that the notice of claim states that Macklin was an employee of Happy Child on the date of the accident, and thus, there is no coverage for her injuries. The Employee Exclusion applies to preclude coverage even if Happy Child "may be liable as an employer or in any other capacity", such as vicarious liability, and even if Happy Child becomes obligated "to share damages with or repay someone else who must pay damages because of the injury."



4

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11                                                RECEIVED NYSCEF: 06/03/2020

Furthermore, Macklin's allegations and the notice of claim also confirmed that Polk, the School Bus driver, was also an employee of Happy Child on the date of the accident. Though coverage for Polk has not be sought in this matter, we note that the SPARTA Policy's insuring agreement does define "insured" as "[a]nyone else while using with your permission a covered "auto" you own...". Nevertheless, the SPARTA Policy excludes coverage for "bodily injury" to an insured's fellow employees. Here, Macklin was Polk's (the would-be insured) fellow employee, and thus, there is no coverage for Polk in the *Macklin* Action.

Finally, Happy Child has failed to comply with the notice provisions of the SPARTA Policy. In that regard, the SPARTA Policy provides, in pertinent part, as follows:

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

\* \* \*

**2. Duties In The Event Of Accident, Claim, Suit, Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss". You must give us or our authorized representative prompt notice of the "accident" or "loss"...

\* \* \*

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

\* \* \*

The *Macklin* Action was filed in January 2015 and Happy Child has since been actively involved in the litigation, although it is apparently barred from testifying at trial in its defense. We understand that jury selection has already begun, and previous proceedings in this matter have



FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM    INDEX NO. 652230/2020

NYSCEF DOC. NO. 11                                              RECEIVED NYSCEF: 06/03/2020

precluded the defendants from testifying at trial. Having only notified SPARTA on September 20, 2019, Happy Child has unreasonably and inexcusably prevented SPARTA from exercising its rights to investigate this matter. Moreover, Macklin's final offer to settle expired on September 20, 2019, just a few hours after Happy Child first notified SPARTA of the *Macklin* Action. As such, even if the SPARTA Policy provided coverage for Happy Child in connection with the *Macklin* Action, the late notice has substantially prejudiced SPARTA.

\* \* \*

The policy provisions and issues which have been set forth above have been brought to the attention of Happy Child so that it is fairly informed of their existence, and of the grounds for non-coverage which exist. This recitation is not necessarily exhaustive, however, and to the extent that a particular term, condition, limitation or exclusion has not been cited, or an issue not referenced, that was not intended to be (nor should it be considered as) a waiver of any rights which SPARTA may have under its policy.

We have written to you in a representative capacity on behalf of Happy Child. Please let us know if we need to direct this correspondence to anyone else.

Please advise us if there is any additional information or documentation you would like us to consider so we can review the same and provide SPARTA's updated coverage position.

Thank you for your attention to the foregoing.

Very truly yours,

JOHN D. McKENNA

JDM/AMP:jds

cc:    Amber Bishop, Claims Manager
       Capacity Group of NY
       abishop@capacityny.com

       Latoyta Baskett
       AIG Claims
       latoyta.baskett@aig.com

       Donohue Law Firm
       *Attorneys for Happy Child Transportation, LLC*
       rdonohue@donohue-law.com

       Paul Koenigsberg, Esq.
       Koenigsberg & Associates, P.C.
       *Attorneys for Plaintiff*
       pdk212@gmail.com



6

GALLAGHER BASSETT-CAPITAL CITY
100 STERLING PARKWAY
SUITE 110
MECHANICSBURG, PA 17050-8204



Visit www.mygbclaim.com to obtain up-to-the-minute claim status and payment information 24 hours a day, 7 days a week.

June 10, 2014

MDG2011 00000100 1 MB 0435

TAMEAKE MACKLIN
991 MYRTLE AVE APT 6F
BROOKLYN, NY 11206-6922 000100

RE:

| | |
|---|---|
| Client Name: | Atp-5 Star Para & Bus |
| Claim Number: | 004258-017071-AN-01 |
| Insured Location: | Happy Child Transportation,LLC |
| Date of Loss/Accident: | May 5, 2014 |
| Claimant Name: | Tameake Macklin |
| Driver Name: | Levander Polk |
| Insured By: | Sparta Insurance Company |

Dear Tameake Macklin:

## ACKNOWLEDGMENT LETTER

This letter will serve as an acknowledgment of the above referenced claim. Gallagher Bassett Services, Inc. (GB) is the claims administrator handling your claim and I am the claim representative who has been assigned to your claim. I can be reached at the following address:

Marie Celestin
Gallagher Bassett-Capital City
100 Sterling Parkway
Suite 110
Mechanicsburg, PA 17050-8204
Phone: 800-437-1266
Fax 717-697-1402
E-mail: marie_celestin@gbtpa.com

GB will be conducting an investigation into your claim to determine if your claim is covered under the above client's policy/program. In the mean time, should you have any questions regarding your claim, please contact me.

Sincerely yours,

*Marie Celestin*
Claims Representative

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM      INDEX NO. 652230/2020

NYSCEF DOC. NO. 11                                    RECEIVED NYSCEF: 06/03/2020

01/01/2008  00:08  14433276426          LEE HOUSE                    PAGE  01

Employee: Tameaka Macklin                                   Page 2 of 2

Claim Number: 004258-017071-AN-01

**FRAUD WARNING:** "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, and any person who knowingly makes or knowingly assists, abets, solicits or conspires with another to make a false report of the theft, destruction, damage or conversion of any motor vehicle to a law enforcement agency, the department of motor vehicles or an insurance company commits a fraudulent insurance act, which is a crime shall also be subject to a civil penalty not to exceed five thousand dollars and the value of the subject motor vehicle or state claim for each such violation."

GALACK 000157 P

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11

RECEIVED NYSCEF: 06/03/2020

# EXHIBIT

# B

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

JUN 5 2014 ( U3ICΓ )

## Koenigsberg & Associates, P.C.
### Law Offices
**1213 Avenue U**
**Brooklyn, NY 11229**
**718-336-2003**

*June 3-2014*

**CERTIFIED MAIL**
**RETURN RECIEPT REQUESTED**
**No- Fault Claims Department**
**SPARTA INSURANCE**
**185 ASYLUM STREET - CITY PLACE 2**
**HARTFORD, CT 06103**

Re:      Claimant   TAMEAKE MACKLIN
         D/A:       5/5/2014
         Insured:   HAPPY CHILD TRANSPORTATION
         Policy #:  031CP00205
         File #\    Unknown
         Location:  GRAND CONCOURSES & EAST 198 STREET, BRONX NY

Dear Sir/Madam:

Please be advised that this office represents the above named claimant, with regard to personal injuries and/or property damage sustained in the above accident.

Enclosed please find duly executed No-Fault Claim Forms.

Also, please be advised that claimant hereby makes claim under the uninsured motorist and underinsured motorist provision of the above referenced policy. Kindly forward any documentation you require for such claim.

Enclosed please find duly executed Notice of Intention to Make Claim Forms.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

Koenigsberg & Associates, P.C.

enc.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

6. Description of injury and expense incurred     serious injuries to various parts of the body

7. Is your injury covered by insurance?                    Yes ☑   No ☐

Are you receiving Workmen's Compensation?          Yes ☑

_____
(NAME OF INSURANCE COMPANY)

No ☐

8. Description of Accident in Detail (Refer to Vehicles by Number 1, 2 or 3) _____

*Two car Accident*

9. Does injured person(s) or members of household own an automobile?   Yes ☐          No ☑

Owner's name _____

Name of Insurance Company _____

Policy No. _____          Injured's driver's license No. _____

Effective Date _____ Expiration Date _____   Injured's registration

No. _____

10.                    WITNESS TO THE ACCIDENT (Important)

1. _____          Address _____

2. _____          Address _____

11. Reason for Application of Motor Vehicle Accident Indemnification Corporation:

| | | | |
|---|---|---|---|
| Uninsured Car | ☑ | Unidentified Car | ☐ |
| Denial of Coverage | ☐ | Uninsured Automobile Endorsement policy | ☐ |
| Disclaimer | ☐ | Photostat copy of disclaimer letter must be attached | ☐ |
| Stolen Car | ☐ | Qualified Person | ☐ |

12. If more than 90 days have elapsed since the hit and run/accident occurred, advise the reason for the delay.  If more than 180 days have elapsed where there is an identifiable vehicle involved, advise the reason for the delay.

_____

_____

_____

Sworn to before me this  6  day
Of  *may*   20 *14*

X *Sameake Macklin*
SIGNATURE OF CLAIMANT

_____
Notary Public (SIGN HERE)

*5-6-14*
GIVE DATE REPORT IS MADE

ALICE P. WERKER
Notary Public, State of New York
No. 01WE4816256
Qualified in Nassau County
Commission Expires Aug. 31, 2014

**FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM**

NYSCEF DOC. NO. 11

## APPLICATION FOR MOTOR VEHICLE NO-FAULT BENEFITS - PAGE TWO

| Date absence from work began: | | Have you returned to work?  Yes  No | | |
|---|---|---|---|---|
| | | If yes, date returned to work: | | |
| Number of days you work per week _____ | Number of hours you work per day _____ | | | |

List names and addresses of your employer and other employers for one year prior to accident date, and give occupation and dates of employment:

| Employer and Address | Occupation | From | To |
|---|---|---|---|
| *Happy Child Transp* | *Matron* | | |
| *463 Spencer Street* | | | |
| *Staten Island NY 10314* | | | |

As a result of your injury, have you had any other expenses?  Yes  (No)    If yes, attach explanation and amounts of such expenses.

Due to this accident, have you received or are you eligible for payments under either of the following:    New York State Disability?  Yes  (No)    Workers' Compensation?  (Yes)  No

*THE APPLICANT AUTHORIZES THE INSURER TO SUBMIT ANY AND ALL OF THESE FORMS TO ANOTHER PARTY OR INSURER IF SUCH IS NECESSARY TO PERFECT ITS RIGHTS OF RECOVERY PROVIDED FOR UNDER THE NO-FAULT LAW.*

THIS FORM IS SUBSCRIBED AND AFFIRMED BY THE
APPLICANT AS TRUE UNDER THE PENALTIES OF PERJURY.

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR COMMERCIAL INSURANCE OR A STATEMENT OF CLAIM FOR ANY COMMERCIAL OR PERSONAL INSURANCE BENEFITS CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, AND ANY PERSON WHO, IN CONNECTION WITH SUCH APPLICATION OR CLAIM, KNOWINGLY MAKES OR KNOWINGLY ASSISTS, ABETS, SOLICITS OR CONSPIRES WITH ANOTHER TO MAKE A FALSE REPORT OF THE THEFT, DESTRUCTION, DAMAGE OR CONVERSION OF ANY MOTOR VEHICLE TO A LAW ENFORCEMENT AGENCY, THE DEPARTMENT OF MOTOR VEHICLES OR AN INSURANCE COMPANY, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME, AND SHALL ALSO BE SUBJECT TO A CIVIL PENALTY NOT TO EXCEED FIVE THOUSAND DOLLARS AND THE VALUE OF THE SUBJECT MOTOR VEHICLE OR STATED CLAIM FOR EACH VIOLATION.

X *Tameaka Macklin*                                                    *5-6-14*
Signature*                                                                    Date

**DO NOT DETACH**
### AUTHORIZATION FOR RELEASE OF WORK AND OTHER LOSS INFORMATION

This Authorization, or photocopy thereof, will authorize you to furnish all information you may have regarding my wages, salary, or other loss while employed by you.  You are authorized to provide this information in accordance with the New York Comprehensive Motor Vehicle Insurance Reparations Act (No-Fault Law).

Name (Print or Type)                                              Social Security Number
X *Tameaka Macklin*                                              *5-6-14*
Signature*                                                                    Date

**DO NOT DETACH**
### AUTHORIZATION FOR RELEASE OF HEALTH SERVICE OR TREATMENT INFORMATION

This Authorization, or photocopy thereof, will authorize you to furnish all information you may have regarding my condition while under your observation or treatment, including the history obtained, x-rays and physical findings, diagnosis, and prognosis.  You are authorized to provide this information in accordance with the **New York Comprehensive Motor Vehicle Insurance Reparations Act (No-Fault Law).**

Name (Print or Type)
X *Tameaka Macklin*                                              *5-6-14*
Signature*                                                                    Date

*If the applicant is a minor, parent or guardian should sign and indicate capacity and relationship.

*LANGUAGE TO BE FILLED IN BY INSURER OR SELF-INSURER
NYS FORM NF-2 (Rev. 1/2004)

Page 2 of 2

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11
INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

POLICE ACCIDENT REPORT
MV-104AN (7/11)

Accident No. 954    Complaint Number    ☐ AMENDED REPORT.

| Accident Date | Day of Week | Military Time | No. of Vehicles | No. Injured | No. Killed | Not Investigated at Scene | Left Scene | Police Photos |
|---|---|---|---|---|---|---|---|---|
| 05 05 Year 4 | Mon | 1700 | 2 | 0 | 0 | ☐ Reconstructed | ☐ | ☐ Yes ☐ No |

**VEHICLE 1**    ☐ VEHICLE 2   ☐ BICYCLIST   ☐ PEDESTRIAN   ☐ OTHER PEDESTRIAN

| VEHICLE 1 - Driver License ID Number | State of Lic. | VEHICLE 2 - Driver License ID Number | State of Lic. |
|---|---|---|---|
| 398 281 324 | NJ | 979 849 437 | |

Driver Name -exactly as printed on license: Williams, Jasmine T
Driver Name - exactly as printed on license: Polk, Levander

Address (Include Number & Street): 1235 grand concourse   Apt. No. 1107
Address (Include Number & Street): 951 Thomas S Boyland   Apt. No.

City or Town: Bronx   State: NY   Zip Code: 10452
City or Town: brooklyn   State: NY   Zip Code: 11212

| Date of Birth Month Day Year | Sex F | Unlicensed | No. of Occupants | Public Property Damaged | Date of Birth | Sex M | Unlicensed | No. of Occupants | Public Property Damaged |
|---|---|---|---|---|---|---|---|---|---|
| 05 08 88 | F | | | | 03 27 71 | M | | 5 | |

Name -exactly as printed on registration: Jasmine T Williams   Sex F   Date of Birth Month ___ Day ___ Year unk
Name -exactly as printed on registration: Happy Child Transportation   Sex   Date of Birth Month Day Year

Address (Include Number & Street): 384 ridge st   Released
Address (Include Number & Street): 436 Spencer St   Released

City or Town: Newark   State: NJ   Zip Code: 07104
City or Town: Staten Island   State: NY   Zip Code: 10314

| Plate Number | State of Reg. | Vehicle Year & Make | Vehicle Type | Ins. Code | Plate Number | State of Reg. | Vehicle Year & Make | Vehicle Type | Ins. Code |
|---|---|---|---|---|---|---|---|---|---|
| 512ALA | NJ | 09 Nissan | Pass | 89 | 64915 54 | NY | 2011 Chevr | YW | 038 |

Ticket/Arrest Number(s): N/A
Ticket/Arrest Number(s): N/A

Violation Section(s):
Violation Section(s):

Check if involved vehicle is:
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit;
☐ operated with an overdimension permit.

Check if involved vehicle is:
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit;
☐ operated with an overdimension permit.

**VEHICLE 1 DAMAGE CODES**
Box 1 - Point of Impact: 8 7
Box 2 - Most Damage: 
Enter up to three more Damage Codes: 6 4

**VEHICLE 2 DAMAGE CODES**
Box 1 - Point of Impact: 3 2
Box 2 - Most Damage: 
Enter up to three more Damage Codes: 3 4

Vehicle Towed: By ___ To N/A
Vehicle Towed: By ___ To N/A

Accident diagram (Rear End, Left Turn, Right Angle, Right Turn, Head On, Sideswipe same direction, Left Turn, Right Turn, Sideswipe opposite)

ACCIDENT DIAGRAM: 4

VEHICLE DAMAGE CODING:
1-13. SEE DIAGRAM ON RIGHT.
14. UNDERCARRIAGE
15. TRAILER
16. OVERTURNED
17. DEMOLISHED
18. NO DAMAGE
19. OTHER

Cost of repairs to any one vehicle will be more than $1000.
☐ Unknown/Unable to Determine   ☐ Yes   ☐ No

| Reference Marker | Coordinates (if available) Latitude/Northing | Place Where Accident Occurred: ☒ BRONX ☐ KINGS ☐ NEW YORK ☐ QUEENS ☐ RICHMOND |
|---|---|---|
| | | Road on which accident occurred: S/E c/o grand concourse (Route Number or Street Name) |
| | | at 1) intersecting street E 198 St (Route Number or Street Name) |
| | Longitude/Easting | or 2) ☐N ☐S ☐E ☐W of ___ Feet Miles (Milepost, Nearest Intersecting Route Number or Street Name) |

Accident Description/Officer's Notes: Veh 1 states while making a left turn Veh 2 was going straight ahead and veh 1 was unable to complete the turn causing veh 2 (Bus) to hit veh 1. veh 2 states while going straight ahead slammed on brake to avoid hitting veh 1. one passenger of veh 2 remained to Jacobi Pct # 402 by EMS #1807

P

| | | | | | | | BY | TO | | Names of all Involved | Date of Death Only |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | | 1 | 25 F | | 1 3 | 6 | | Williams, Jasmine T | |
| | 3 | 4 | | 1 | 27 F | | 1 3 | 6 | | Williams, Giovanni | |
| 1 | | 4 | | 1 | 51 M | | 1 3 | 6 | | Polk Levander | |
| 2 | 2 | 2 | | 1 | 34 F | | 1 2 | 6 | 1887 | Jacobi Macklin, Tamrakese | |
| 2 | 6 | 2 | | 1 | F | | 1 3 | 6 | | Tawana Duncan | |
| 2 | 6 | | | 1 | 40 M | | 1 3 | 6 | | Michael Lawson | |

| ___er's Rank and ___ature ► | Tax ID No. | NCIC No. | Precinct | Post/Sector | Reviewing Officer | Date/Time Reviewed |
|---|---|---|---|---|---|---|
| PO Onali | 950008 | | 52 | | | PM N |

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM   INDEX NO. 652230/2020

NYSCEF DOC. NO. 11                                                    RECEIVED NYSCEF: 06/03/2020

## SONS KILLED OR INJURED IN ACCIDENT (Enter designation of persons killed or injured here)

**t Name** Macklin **First** Tameake **M.I.** S   **D Last Name** **First** **M.I.**

991 Myrtle Ave BK NY 11206   Address

**f Birth** **Month** 2 **Day** 1 **Year** 99   Telephone (Area Code) (847) 600-7794   Date of Birth **Month** **Day** **Year**   Telephone (Area Code)

**t Name** **First** **M.I.**   **E Last Name** **First** **M.I.**

is   Address

**f Birth** **Month** **Day** **Year**   Telephone (Area Code)   Date of Birth **Month** **Day** **Year**   Telephone (Area Code)

**Name** **First** **M.I.**   Highway Dist. at Scene? ☐ Yes ☐ No   Name:

ss

**f Birth** **Month** **Day** **Year**   Telephone (Area Code)   Shield No.

## ER INSURANCE POLICY NUMBER FROM INSURANCE IDENTIFICATION CARD, EXPIRATION DATE (IN ALL CASES), AND VIN.

cle No. 1 Odo 8388-C09-30   Vehicle No.2 C NY-000-7381-117-14

ration Date 3/9/14   Expiration Date 8/1/15

IN4AL21E09N533621   VIN

## NESS (Attach separate sheet, if necessary)   Address   Phone

## PLICATE COPY REQUIRED FOR:

Dept. of Motor Vehicles
(If anyone is killed/injured)   ☐ Motor Transport Division
(P.D. vehicle involved)   ☐ NYC Taxi & Limousine Comm.
(If a Licensed taxi or limousine
involved)   ☐ Other City Agency
(Specify)

Office of Comptroller
(If a City vehicle involved)   ☐ Personnel Safety Unit
(If a P.D. vehicle involved)   ☐ Highway Unit _____

## TIFICATIONS: (Enter name, address, and relationship of friend or relative notified. If aided person is unidentified, list Missing Person Squad member who
notified. In either case, give date and time of notification.)

## PROPERTY DAMAGED (other than vehicles)   OWNER OF PROPERTY (Include city agency, where applicable.)

## NYPD VEHICLE IS INVOLVED:

| ice Vehicle–Operator's First Name | Last Name | | Rank | Shield No. | Tax ID. No. | Command |
|---|---|---|---|---|---|---|
| ke of Vehicle | Year | Type of Vehicle | Plate No. | | Dept. Vehicle No. | Assigned To What Command |

uipment In Use At Time of Accident

☐ Siren   ☐ Horn   ☐ Turret Light   ☐ 4-Way Flasher   ☐ High-Level Warning Lights   ☐ Traffic Cones   ☐ Headlights

## CTIONS OF POLICE VEHICLE

☐ Responding to Code Signal _____   ☐ Complying with Station House Directive

☐ Routine Patrol

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

# EXHIBIT

# C

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

INDEX NO. 652230/2020

NYSCEF DOC. NO. 11

RECEIVED NYSCEF: 06/03/2020

## NEW YORK MOTOR VEHICLE NO-FAULT INSURANCE LAW
## DENIAL OF CLAIM FORM
### (FOR PERSONAL INJURIES SUSTAINED ON AND AFTER 12/1/77)

TO CARRIER: COMPLETE THIS FORM INCLUDING ITEM 30. SEND 2 COPIES TO APPLICANT TOGETHER WITH ONE SET OF PRESCRIBED COMPLETED CLAIM FORM(S) SUBMITTED BY OR ON BEHALF OF THE INJURED PERSON.

NAME AND ADDRESS OF INSURER:

GALLAGHER BASSETT SERVICES, INC          *CLAIM NO.: 004258-017071-AN-01

100 STERLING PKWY, STE 110

MECHANICSBURG, PA 17050                  For Insurance Department Use Only

| A. POLICYHOLDER HAPPY CHILD TRANS | B. POLICY NUMBER 031CP00251 | C. DATE OF ACCIDENT 05-05-14 | D. INJURED PERSON TAMEAKE MACKLIN |
|---|---|---|---|
| E. FILE NUMBER *See # above | F. APPLICANT FOR BENEFITS (NAME AND ADDRESS) TAMEAKE MACKLIN, 991 MYRTLE AVE, APT 6F, BROOKLYN, NY 11206 | | G. AS ASSIGNEE ☐ 1. Yes ☐ 2. No |

### TO APPLICANT: SEE PAGE 2 IF YOU WISH TO CONTEST THIS DENIAL

YOU ARE ADVISED THAT FOR REASONS NOTED BELOW:

☒ 1. Your entire claim is denied as follows:

☐ 2. A portion of your claim is denied as follows;

| ☒ A. Loss of Earnings: | $ ALL FURTHER | ☐ D. Interest: | $ _____ |
| ☒ B. Health Service Benefits: | $ ALL FURTHER | ☐ E. Attorney's Fees: | $ _____ |
| ☒ C. Other Necessary Expenses: | $ ALL FURTHER | ☐ F. Death Benefit: | $ _____ |

### REASON(S) FOR DENIAL OF CLAIM (CHECK REASONS AND EXPLAIN BELOW IN ITEM 31)
#### POLICY ISSUES

☐ 3. Policy not in force on date of accident.

☐ 4. Injured person excluded under policy conditions or exclusions.

☐ 5. Policy conditions violated.

☐ 6. Injured person not an "Eligible Injured Person."

☐ 7. Injuries did not arise out of use or operation of a motor vehicle.

### LOSS OF EARNINGS BENEFITS DENIED

☐ 8. Duration of disability contested; period in dispute:
From _____ Through _____

☐ 9. Claimed loss not proven.

☐ 10. Exaggerated earnings claim of $ _____ per month denied.

☐ 11. Statutory offset taken.

☒ 12. Other, explained below.

### OTHER REASONABLE AND NECESSARY EXPENSES DENIED

☐ 13. Amount of claim exceeds daily limit of coverage.

☐ 14. Unreasonable or unnecessary expenses.

☐ 15. Incurred after one year from date of accident.

☒ 16. Other, explained below.

### HEALTH SERVICE BENEFITS DENIED

☐ 17. Fees not in accordance with fee schedules.

☐ 18. Excessive treatment, service or hospitalization:
From _____ Through _____

☐ 19. Treatment not related to accident.

☐ 20. Unnecessary treatment, service or hospitalization:
From _____ Through _____

☒ 21. Other, explained below.

COMPLETE ITEMS 22 THROUGH 29 IF CLAIM FOR HEALTH SERVICE BENEFITS IS DENIED.

| 22. Provider of Health Service (Name, Address and Zip Code) JACOBI MEDICAL CENTER OP 1400 PELHAM PKWY S, BRONX, NY 10461 | 24. Date of Bill 07/31/14 | 27. Amount of Bill $ 2383.73 |
|---|---|---|
| | 25. Date received by Insurer 08/04/14 | 28. Amount paid by Insurer $ 0.00 |
| 23. Type of service rendered MEDICAL CARE/LOST WAGES | 26. Period of Bill 05/05/14 | 29. Amount in dispute $ 2383.73 |

30. State reason for denial fully and explicitly (attach extra sheets if needed).
*THE VEHICLE INVOLVED IN THIS ACCIDENT, IS NOT A COVERED VEHICLE UNDER THE POLICY NOTED ABOVE. AS SUCH, THERE IS NO PERSONAL INJURY PROTECTION COVERAGE AFFORDED FOR THIS CLAIM. THE VEHICLE IS NOT LISTED ON SPARTA'S POLICY. IN ADDITION, THE CLAIMANT IS NOT A POLICYHOLDER, IS NOT A NAMED INSURED OR AN ELIGIBLE INJURED PERSON UNDER OUR INSURED'S POLICY. CLAIM IS DENIED, THE CLAIMANT WAS NOT AN OCCUPANT OF INSURED VEHICLE.*
*CC: KOENIGSBERG & ASSOCIATES, P.C.*

DATED:    08/07/14                              MS. MARIE CELESTIN
                                        Name and Title of Representative of Insurer

TEL. NO.: 212-299-7309      EXT. _____    100 STERLING PKWY, MECHANICSBURG, PA

NYS FORM N-F 10

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

IF YOU WISH TO CONTEST THIS DENIAL, YOU HAVE THE FOLLOWING OPTIONS:

1.   You may file a written complaint with: NEW YORK STATE INSURANCE DEPARTMENT, CONSUMER SERVICES BUREAU, 160 WEST BROADWAY, NEW YORK 10013. Although the insurance Department will attempt to resolve disputed claims, it cannot order or require an insurer to pay a disputed claim. If you wish to file a complaint, send one copy of this Denial of Claim Form with copies of the other documents returned to you to the insurance Department at the above special address. If you choose this option you may at a later date still submit this dispute to arbitration or bring a lawsuit.

- OR -

2.   You may submit this dispute to arbitration.  If you wish to arbitrate this claim, the decision of the arbitrator will be binding except for limited grounds for review set forth in the Law and Insurance Department Regulations. If you wish to submit this claim to arbitration, mail a copy of this Denial of Claim form with copies of the other documents returned to you together with a $40.00 filing fee, payable to the NEW YORK STATE INSURANCE DEPARTMENT to: NEW YORK STATE INSURANCE DEPARTMENT, POST OFFICE BOX 440, CANAL STREET STATION, NEW YORK, NEW YORK 10013. The filing fee will be returned to you if the arbitrator awards you any portion of your claim. You will not be required to pay the fees of the arbitrator(s), no matter how the dispute is concluded. Disputes involving health services rendered in New York will be referred to the Health Service Arbitration Forum (H.S.A.). Disputes solely involving whether a claim was overdue or for how long it was overdue will be referred to Insurance Department Arbitration (I.D.A.). All other disputes including all coverage issues and health services rendered outside New York State will be referred to the American Arbitration Association (A.A.A.)

- OR -

3.   You may bring a lawsuit to recover the amount of benefits you claim to be entitled to.

IF YOU ARE CONTESTING THE DENIAL OF CLAIM AND WISH TO FILE A COMPLAINT OR SUBMIT THE DISPUTE TO ARBITRATION, ENTER YOUR REASON(S), SIGN BELOW AND SEND TO THE APPROPRIATE ADDRESS.

Telephone number of applicant or representative during business hours: _____

Date: _____    Signature: _____

Applicant or Representative

## IMPORTANT NOTICE TO THE APPLICANT

If box number 3 ("Policy not in force on date of accident") on the front of this form is checked as a reason for this denial, you may be entitled to no-fault benefits from the Motor Vehicle Accident Indemnification Corporation (M.V.A.I.C.) (212-791-1280) located at 116 John Street, New York, New York 10038. The Insurance Law requires that you must file an Affidavit of Intention to Make Claim with the MVAIC. Therefore, it is in your best interest to contact the MVAIC immediately and file such an affidavit, even if you intend to contest this denial.

NYS FORM N-F 10

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020



Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

John D. McKenna, Esq.
Partner
jmckenna@lbcclaw.com
(516) 837-7370

October 11, 2019

**BY EMAIL, REGULAR MAIL**
**AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
happychild1@verizon.net

Mr. John J. Marzo
Happy Child Transportation, LLC
436 Spencer Street
Staten Island, NY 10314

     Re:   *Tameake Macklin v. Altfest Auto Leasing, Inc., et al.*
         Our File No.  :    19 2799 103846

Dear Mr. Marzo:

    As you know, we have been retained to act as coverage counsel on behalf of SPARTA Insurance Company ("SPARTA") in connection with the above-referenced matter, entitled: *"Tameake Macklin v. Altfest Auto Leasing, Inc., Happy Child Transportation, L.L.C., All Star Bus Service Co., LLC. Levander Polk and Jasmine T. Williams"* (Index No. 241/2015), which is pending in the New York Supreme Court, Kings County (the *"Macklin* Action"). SPARTA issued a package insurance policy to Happy Child Transportation, LLC ("Happy Child"), bearing Policy No. 031CP00251, for the period January 1, 2014 to January 1, 2015 (the "SPARTA Policy"). The SPARTA Policy includes a Business Auto Coverage form which provides a $1 million limit for specifically-defined "autos" as further explained below. The SPARTA Policy was endorsed on April 3, 2014 to remove All Star Bus Service Co., LLC as an insured.

    We write to supplement the September 27, 2019 declination of coverage under the SPARTA Policy for the claims against Happy Child in connection with the *Macklin* Action and the October 1, 2019 letter to Macklin's counsel reiterating the lack of coverage for his client's claims (copies of the September 27, 2019 and October 1, 2019 letters are enclosed herewith and the contents are incorporated herein). We have also advised National Continental Insurance Company ("National Continental"), which is defending Happy Child and the other defendants in the *Macklin* Action, of the non-existence of coverage under the SPARTA Policy and refused its requests that SPARTA participate in settlement.

    The *Macklin* Action arises out of an alleged automobile accident that occurred on May 5, 2014, wherein plaintiff Tameake Macklin ("Macklin") claims to have sustained injuries while in the course of her employment as a bus matron for Happy Child. The police report states that the alleged accident involved a school bus registered to Happy Child (the "School Bus"). In the *Macklin* Action, Macklin alleges, in part, that Happy Child owned the "Chevrolet motor vehicle bearing New York

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

State license plate number 14915SH [that was] operated by Defendant Levander Polk [("Polk"]) in which Plaintiff Tameake Macklin was a passenger was involved in a collision with a Nissan motor vehicle ... operated by Defendant Jasmine T. Williams." Macklin further alleges that "as a result of the aforesaid contact, Plaintiff Tameake Macklin ... sustained severe and permanent personal injuries; and ... was otherwise damaged." Macklin generally asserts that the "Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles". Thus, the *Macklin* Action seeks unspecified damages that are "greater than basic economic loss as to satisfy the exceptions of §5104 of the New York Insurance Law" and that are "not recoverable through no-fault insurance".

The *Macklin* Action was instituted on or about January 28, 2015. However, not until September 20, 2019, did SPARTA first receive notice that the *Macklin* Action was filed. That initial notice was submitted on behalf of Happy Child only. As you know, although Macklin's counsel sought no-fault and uninsured/underinsured motorist benefits under the SPARTA Policy by way of a June 3, 2014 letter, that request for first-party insurance coverage (which was acknowledged on June 10, 2014 and denied on August 7, 2014) made no mention of Macklin's intention of subsequently bringing a lawsuit against her employer, Happy Child. In fact, Macklin's counsel never challenged the denial or provided SPARTA with separate notice of the filing of the *Macklin* Action. The September 20, 2019 initial notice confirmed that both Macklin and Polk (the driver of the School Bus) were employees of Happy Child on the date of the alleged accident. More recently, SPARTA has independently obtained a copy of the Workers' Compensation Board decision and award dated December 30, 2014 which also confirms that Macklin was employed by Happy Child. Tellingly, Macklin's counsel admitted in his May 7, 2019 opposition to the defendants' motion for summary judgment in the *Macklin* Action (which was based upon the Workers' Compensation bar) that Macklin "was employed as a bus attendant for Happy Child..." at the time of the alleged accident. Although the Court denied the motion for summary judgment by decision and order dated July 19, 2019, the Court indicated that the "plaintiff testified at her deposition that she worked for Happy Child [and] plaintiff's counsel states that plaintiff was employed by Happy Child at the time of the accident." Nevertheless, the Court denied the motion based upon a procedural finding of the lack of sufficient evidence after the Court deemed that the affidavit submitted in support of the motion was inadmissible because of the order issued on April 13, 2018 precluding all of the defendants, including Happy Child, from testifying or offering affidavits in the *Macklin* Action. We understand that the denial of the motion for summary judgment was never appealed by Happy Child. Although the Workers' Compensation bar defense was apparently renewed at trial, it was once again denied on similar grounds. However, it remains that Macklin was, in fact, employed by Happy Child at the time of the alleged accident.

\* \* \*

Based upon our review of this new information and documentation received, SPARTA is once again advising Happy Child that there is no coverage available under the SPARTA Policy for the *Macklin* Action. The purpose of this correspondence is to reiterate for you those provisions of the SPARTA Policy which preclude any obligation on the part of SPARTA to defend or indemnify Happy Child in connection with this matter. Although notice has not been provided on behalf of Polk (the driver of the School Bus), there is likewise no coverage available for him under the



2

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM    INDEX NO. 652230/2020
NYSCEF DOC. NO. 11    RECEIVED NYSCEF: 06/03/2020

SPARTA Policy and a copy of this letter (just as the September 27, 2019 declination of coverage) is copied to the Donohue Law Firm which is counsel to all of the defendants in this matter.

First, we note that the SPARTA Policy provides, in pertinent part, as follows:

### SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.**

| COVERAGES | COVERED AUTOS | LIMIT | PREMIUM |
|---|---|---|---|
| LIABILITY | 7, 8, 9 | $1,000,000 | |

\* \* \*

### BUSINESS AUTO COVERAGE FORM

#### SECTION I – COVERED AUTOS

\* \* \*

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A.    Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| | \* \* \* | |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three. |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |



3

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM   INDEX NO. 652230/2020

NYSCEF DOC. NO. 11                                                    RECEIVED NYSCEF: 06/03/2020

| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |
|---|---|---|

\* \* \*

## SECTION II – LIABILITY COVERAGE

### A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We have the right and duty to defend any "insured" against a "suit" asking for such damages … However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" … to which this insurance does not apply…

\* \* \*

Thus, the SPARTA Policy is only implicated if an "insured" would be obligated to pay damages for "bodily injury" caused by an "accident" involving a covered "auto". SPARTA is still not in possession of any evidence that the School Bus qualifies as a covered "auto". In that regard, we note that the School Bus is not covered under Symbol 7 Specifically Described "Autos", as School Bus' VIN number that is in SPARTA's possession is not listed on the policy.

Second, even if the *Macklin* Action concerned a covered "auto", coverage for Happy Child would be precluded by the following exclusions to the SPARTA Policy. In that regard, the SPARTA Policy provides, in pertinent part, as follows:

### B. Exclusions

This insurance does not apply to any of the following:

\* \* \*

### 4. Employee Indemnification And Employer's Liability

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:



4

RECEIVED NYSCEF: 06/03/2020

 

> (1)    Employment by the "insured"; or
>
> (2)    Performing the duties related to the conduct of the "insured's" business;...

> \*   \*   \*

This exclusion applies:

> (1)    Whether the "insured" may be liable as an employer or in any other capacity; and
>
> (2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

> \*   \*   \*

**5.**    **Fellow Employee**

"Bodily injury" to:

> a.    Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business;...

> \*   \*   \*

We reiterate that Macklin was an employee of Happy Child on the date of the alleged accident, and thus, there is no coverage for her injuries.

Finally, we reiterate that Happy Child has failed to comply with the notice provisions of the SPARTA Policy. In that regard, the SPARTA Policy provides, in pertinent part, as follows:

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A.**    **Loss Conditions**

> \*   \*   \*

**2.**    **Duties In The Event Of Accident, Claim, Suit, Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

> a.    In the event of "accident", claim, "suit" or "loss". You must give us or our authorized representative prompt notice of the "accident" or "loss"...

> \*   \*   \*



FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM        INDEX NO. 652230/2020

NYSCEF DOC. NO. 11                                               RECEIVED NYSCEF: 06/03/2020

**b.** Additionally, you and any other involved "insured" must:

    **(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

    **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

    **(4)** Authorize us to obtain medical records or other pertinent information.

\* \* \*

The *Macklin* Action was filed in January 2015 and Happy Child has since been actively involved in the litigation and defended under the National Continental policy, although Happy Child was barred from testifying at trial or offering affidavits in its defense. Having only first notified SPARTA of the *Macklin* Action on September 20, 2019, Happy Child has unreasonably and inexcusably prevented SPARTA from exercising its rights to investigate this matter. More importantly, based upon the preclusion order, Happy Child, and the other defendants, were unable to adequately support the motion for summary judgment or offer testimony at the trial of this action which resulted in a liability verdict against Happy Child (even though Happy Child was Macklin's employer at the time of the alleged accident). The late notice has substantially prejudiced SPARTA.

\* \* \*

The policy provisions and issues which have been set forth above have been brought to the attention of Happy Child so that it is fairly informed of their existence, and of the grounds for non-coverage which exist. This recitation is not necessarily exhaustive, however, and to the extent that a particular term, condition, limitation or exclusion has not been cited, or an issue not referenced, that was not intended to be (nor should it be considered as) a waiver of any rights which SPARTA may have under its policy.

We have written to you in a representative capacity on behalf of Happy Child. Please let us know if we need to direct this correspondence to anyone else.

Please advise us if there is any additional information or documentation you would like us to consider so we can review the same and provide SPARTA's updated coverage position.



FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 11

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

Thank you for your attention to the foregoing.

Very truly yours,

JOHN D. McKENNA

JDM:jds
Enclosures

cc:    Amber Bishop, Claims Manager
Capacity Group of NY
abishop@capacityny.com

Charmaine Brooks
AIG Claims
charmaine.brooks@aig.com

Donohue Law Firm
*Attorneys for Happy Child Transportation, LLC*
rdonohue@donohue-law.com

Paul Koenigsberg, Esq.
Koenigsberg & Associates, P.C.
*Attorneys for Plaintiff*
pdk212@gmail.com
Robert W. DiUbaldo, Esq.
Carlton Fields
rdiubaldo@carltonfields.com

Patrick Larkin
National Continental Insurance Company
Patrick_Larkin@progressive.com



7

NYSCEF DOC. NO. 11                                                      RECEIVED NYSCEF: 06/03/2020



Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

John D. McKenna, Esq.
Partner
jmckenna@lbcclaw.com
(516) 837-7370

September 27, 2019

**BY EMAIL, REGULAR MAIL**
**AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
happychild1@verizon.net

John J. Marzo
Happy Child Transportation, LLC
436 Spencer Street
Staten Island, NY 10314

      Re:    *Tameake Macklin v. Altfest Auto Leasing, Inc., et al.*
      Our File No.  :     19 2799 103846

Dear Mr. Marzo:

      We have been retained to act as coverage counsel on behalf of SPARTA Insurance Company ("SPARTA") in connection with the above-referenced matter, entitled: *"Tameake Macklin v. Altfest Auto Leasing, Inc., Happy Child Transportation, L.L.C., All Star Bus Service Co., LLC. Levander Polk and Jasmine T. Williams"* (Index No. 241/2015), which is pending in the New York Supreme Court, Kings County (the "*Macklin* Action"). As you know, SPARTA issued a package insurance policy to Happy Child Transportation, LLC ("Happy Child"), bearing Policy No. 031CP00251, for the period January 1, 2014 to January 1, 2015 (the "SPARTA Policy"). The SPARTA Policy includes a Business Auto Coverage form which provides a $1 million limit for specifically-defined "autos" as further explained below.

      The *Macklin* Action arises out of an alleged automobile accident that occurred on May 5, 2014, wherein plaintiff Tameake Macklin ("Macklin") claims to have sustained injuries while in the course of her employment as a bus matron for Happy Child. The police report states that the alleged accident involved a school bus registered to Happy Child (the "School Bus"). In the *Macklin* Action, Macklin alleges, in part, that Happy Child owned the "Chevrolet motor vehicle bearing New York State license plate number 14915SH [that was] operated by Defendant Levander Polk [("Polk")]) in which Plaintiff Tameake Macklin was a passenger was involved in a collision with a Nissan motor vehicle … operated by Defendant Jasmine T. Williams." Macklin further alleges that "as a result of the aforesaid contact, Plaintiff Tameake Macklin … sustained severe and permanent personal injuries; and … was otherwise damaged." Macklin generally asserts that the "Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles". Thus, the *Macklin* Action seeks unspecified damages that are "greater than basic economic loss as to satisfy the exceptions of §5104 of the New York Insurance Law" and that are "not recoverable through no-fault insurance".

NYSCEF DOC. NO. 11                                              RECEIVED NYSCEF: 06/03/2020

The *Macklin* Action was instituted on or about January 28, 2015. However, not until September 20, 2019, did SPARTA receive first notice of the *Macklin* Action. The initial notice to SPARTA confirmed that both Macklin and Polk were employees of Happy Child on the date of the alleged accident. More importantly, the notice included a letter, dated September 18, 2019, sent by Macklin's counsel to AIG Insurance Company ("AIG") (with a copy to the Happy Child's defense counsel, the Donohue Law Firm), listing Happy Child as the insured thereunder (the "Settlement Letter").

The Settlement Letter offered a time-sensitive (and final) pre-trial settlement demand of $5 million and warned that the "offer will expire at 5 P.M. on Friday September 20, 2019 after which time … [Macklin would] pursue this matter to verdict." The Settlement Letter also stated that "this matter was scheduled for Final Jury Selection today and Jury Selection has commenced" and that "all of [the Happy Child] defendants are precluded from testifying at trial or offering affidavits in support of their defense." According to the court docket in the *Macklin* Action, jury selection has since been completed and trial is scheduled to proceed on October 2, 2019.

\* \* \*

Based upon our review of the information and documentation in SPARTA's possession, we must advise Happy Child that there is no coverage available under the SPARTA Policy for the *Macklin* Action. The purpose of this correspondence is to outline for you those provisions of the SPARTA Policy which preclude any obligation on the part of SPARTA to defend or indemnify Happy Child in connection with this matter. Although notice has not been provided by Polk (the driver of the School Bus), there is likewise no coverage available for him under the SPARTA Policy.

First, we note that the SPARTA Policy provides, in pertinent part, as follows:

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.**

| COVERAGES | COVERED AUTOS | LIMIT | PREMIUM |
|-----------|---------------|-------|---------|
| LIABILITY | 7, 8, 9 | $1,000,000 | |

\* \* \*

**BUSINESS AUTO COVERAGE FORM**

**SECTION I – COVERED AUTOS**

\* \* \*



2

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM   INDEX NO. 652230/2020
NYSCEF DOC. NO. 11                                           RECEIVED NYSCEF: 06/03/2020

Item Two of the Declarations shows the "autos" that are covered "autos" for
each of your coverages. The following numerical symbols describe the
"autos" that may be covered "autos". The symbols entered next to a coverage
on the Declarations designate the only "autos" that are covered "autos".

A. **Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| | * * * | |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three. |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

* * *

**SECTION II – LIABILITY COVERAGE**

A. **Coverage**

We will pay all sums an "insured" legally must pay as damages because
of "bodily injury" or "property damage" to which this insurance applies,
caused by an "accident" and resulting from the ownership, maintenance
or use of a covered "auto".

* * *

We have the right and duty to defend any "insured" against a "suit"
asking for such damages … However, we have no duty to defend any
"insured" against a "suit" seeking damages for "bodily injury" or
"property damage" … to which this insurance does not apply…

* * *

Thus, the SPARTA Policy is only implicated if an "insured" would be obligated to pay
damages for "bodily injury" caused by an "accident" involving a covered "auto". At this time, it is
unclear whether the School Bus is covered under Symbol 7 Specifically Described "Autos", as we
are not in possession of the School Bus' VIN number. Also, Macklin's allegations and the police
report indicate that the School Bus was owned by Happy Child. Thus, the School Bus is not covered



3

under Symbol 8 Hired "Autos" Only, and it is likewise not covered under Symbol 9 Nonowned "Autos" Only.

Second, even if the *Macklin* Action concerned a covered "auto", coverage for Happy Child would be precluded by several exclusions to the SPARTA Policy. In that regard, the SPARTA Policy provides, in pertinent part, as follows:

**B. Exclusions**

This insurance does not apply to any of the following:

\* \* \*

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business;...

\* \* \*

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \*

**5. Fellow Employee**

"Bodily injury" to:

a. Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business;...

\* \* \*

We reiterate that the notice of claim states that Macklin was an employee of Happy Child on the date of the accident, and thus, there is no coverage for her injuries. The Employee Exclusion applies to preclude coverage even if Happy Child "may be liable as an employer or in any other capacity", such as vicarious liability, and even if Happy Child becomes obligated "to share damages with or repay someone else who must pay damages because of the injury."



4

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM   INDEX NO. 652236/2020
NYSCEF DOC. NO. 11                                                                      RECEIVED NYSCEF: 06/03/2020

Furthermore, Macklin's allegations and the notice of claim also confirmed that Polk, the School Bus driver, was also an employee of Happy Child on the date of the accident. Though coverage for Polk has not be sought in this matter, we note that the SPARTA Policy's insuring agreement does define "insured" as "[a]nyone else while using with your permission a covered "auto" you own...". Nevertheless, the SPARTA Policy excludes coverage for "bodily injury" to an insured's fellow employees. Here, Macklin was Polk's (the would-be insured) fellow employee, and thus, there is no coverage for Polk in the *Macklin* Action.

Finally, Happy Child has failed to comply with the notice provisions of the SPARTA Policy. In that regard, the SPARTA Policy provides, in pertinent part, as follows:

### SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

\* \* \*

2. **Duties In The Event Of Accident, Claim, Suit, Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   a. In the event of "accident", claim, "suit" or "loss". You must give us or our authorized representative prompt notice of the "accident" or "loss"...

   \* \* \*

   b. Additionally, you and any other involved "insured" must:

      (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

      (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

      (4) Authorize us to obtain medical records or other pertinent information.

\* \* \*

The *Macklin* Action was filed in January 2015 and Happy Child has since been actively involved in the litigation, although it is apparently barred from testifying at trial in its defense. We understand that jury selection has already begun, and previous proceedings in this matter have



5

INDEX NO. 652230/2020
NYSCEF DOC. NO. 11
RECEIVED NYSCEF: 06/03/2020

precluded the defendants from testifying at trial. Having only notified SPARTA on September 20, 2019, Happy Child has unreasonably and inexcusably prevented SPARTA from exercising its rights to investigate this matter. Moreover, Macklin's final offer to settle expired on September 20, 2019, just a few hours after Happy Child first notified SPARTA of the *Macklin* Action. As such, even if the SPARTA Policy provided coverage for Happy Child in connection with the *Macklin* Action, the late notice has substantially prejudiced SPARTA.

\* \* \*

The policy provisions and issues which have been set forth above have been brought to the attention of Happy Child so that it is fairly informed of their existence, and of the grounds for non-coverage which exist. This recitation is not necessarily exhaustive, however, and to the extent that a particular term, condition, limitation or exclusion has not been cited, or an issue not referenced, that was not intended to be (nor should it be considered as) a waiver of any rights which SPARTA may have under its policy.

We have written to you in a representative capacity on behalf of Happy Child. Please let us know if we need to direct this correspondence to anyone else.

Please advise us if there is any additional information or documentation you would like us to consider so we can review the same and provide SPARTA's updated coverage position.

Thank you for your attention to the foregoing.

Very truly yours,

JOHN D. McKENNA

JDM/AMP:jds

cc:   Amber Bishop, Claims Manager
      Capacity Group of NY
      abishop@capacityny.com

      Latoyta Baskett
      AIG Claims
      latoyta.baskett@aig.com

      Donohue Law Firm
      *Attorneys for Happy Child Transportation, LLC*
      rdonohue@donohue-law.com

      Paul Koenigsberg, Esq.
      Koenigsberg & Associates, P.C.
      *Attorneys for Plaintiff*
      pdk212@gmail.com



FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11

INDEX NO. 032230/2020

RECEIVED NYSCEF: 06/03/2020



Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

John D. McKenna, Esq.
Partner
jmckenna@lbcclaw.com
(516) 837-7370

October 1, 2019

**BY EMAIL AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
pdk212@gmail.com

Paul Koenigsberg, Esq.
Koenigsberg & Associates, P.C.
1213 Avenue U
Brooklyn, New York 11229

Re:  *Tameake Macklin v. Altfest Auto Leasing, Inc., et al.*
Our File No.  :      19 2799 103846

Dear Mr. Koenigsberg:

As you know, we are coverage counsel for SPARTA Insurance Company ("SPARTA") in connection with the above-referenced matter, entitled: "*Tameake Macklin v. Altfest Auto Leasing, Inc., Happy Child Transportation, L.L.C., All Star Bus Service Co., LLC. Levander Polk and Jasmine T. Williams*" (Index No. 241/2015), which is pending in the New York Supreme Court, Kings County (the "*Macklin* Action"). We write in response to your letter dated September 28, 2019 and as a follow up to SPARTA's declination of coverage dated September 27, 2019. **A copy of the declination is enclosed as Exhibit "A"** and the contents of which are incorporated herein.

SPARTA issued a package insurance policy to Happy Child Transportation, LLC ("Happy Child"), bearing Policy No. 031CP00251, for the period January 1, 2014 to January 1, 2015 (the "SPARTA Policy"). The SPARTA Policy includes a Business Auto Coverage form which provides Personal Injury Protection (or equivalent No-fault Coverage) for Symbol 5 Owned "Autos" Subject to No-fault, which the SPARTA Policy defines as "[o]nly those 'autos' you own that are required to have no-fault benefits in the state where they are licensed or principally garaged."  In turn, the SPARTA Policy provides liability coverage in the amount of $1 million for Symbols 7 (Specifically Described "Autos"), 8 (Hired "Autos" Only) and 9 (Non-owned "Autos"Only).

By letter dated June 3, 2014, your office submitted a "claim under the uninsured motorist and undersigned motorist provision of the above referenced policy" on behalf of Ms. Macklin (the "PIP Claim"). **A copy of your June 3, 2014 letter is enclosed as Exhibit "B"**. Gallagher Bassett Services Inc. (SPARTA's third-party administrator)("Gallagher Bassett") acknowledged receipt of the PIP Claim on June 10, 2014 and by August 7, 2014 notice issued to Happy Child (with a copy to your office), the PIP Claim was denied. **A copy of the August 7, 2014 denial of the PIP claim is enclosed as Exhibit "C".** No one challenged the denial of the PIP claim and, more importantly, no

[FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM]

NYSCEF DOC. NO. 11                                                                RECEIVED NYSCEF: 06/03/2020

one provided notice to SPARTA or of the *Macklin* Action which was filed in January 2015 until ten (days) ago.

With respect to the assertion concerning timely notice to SPARTA of the *Macklin* Action, you state in the September 28, 2019 letter that "SPARTA had notice of the claim dating back to soon after the subject accident." In response, be advised that notice of the accident is distinct from notice of the commencement of litigation concerning the accident. *American Transit Ins. Co. v. Sartor*, 3 N.Y.3d 71 (2004). "[A]n insurer may [separately] demand that it receive timely notice of a claimant's commencement of litigation." *See id.* "The purpose of such notice is to provide the insurer with a fair and reasonable opportunity to appear and defend against a claim or exercise its right to settle the matter." *Id.* In *American Transit*, "the policy issued ... condition[ed] its coverage obligation upon receipt of 'immediate written notice of any ... notice of claims for damages on account of such accidents.' The policy further state[d] that '[i]f any suit is brought against the Insured to recover such damages the Insured shall immediately forward to the Company every summons or other process served upon him." The Court of Appeals held that the "insurer's receipt of such notice is therefore a condition precedent to its liability under the policy... [and] failure to satisfy this requirement may allow an insurer to disclaim its duty to provide coverage." *Id.* (citations omitted).

Here, the notice of the PIP Claim submitted in June 2014 was not sufficient to notify SPARTA of the *Macklin* Action instituted nearly eight months later.

As provided in our previous letter, the SPARTA Policy contains similar language to that in *American Transit*. The SPARTA Policy required Happy Child to "give [SPARTA] or our authorized representative prompt notice of the 'accident' or 'loss'... [*and* a]dditionally, ... [to i]mmediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or 'suit'". Happy Child has been involved in the *Macklin* Action for some time. However, Happy Child did not notify SPARTA of the *Macklin* Action until September 20, 2019, almost four (4) years after it was instituted.

The prejudice to SPARTA caused by Happy Child's untimely notice is great. As stated in your September 18, 2019 settlement letter to AIG, Happy Child and other defendants are apparently barred from testifying at trial in their own defense, jury selection has already been completed, and trial is schedule to commence this week. Moreover, Macklin's final offer to settle has expired. Happy Child has unreasonably and inexcusably prevented SPARTA from exercising its rights to investigate this matter. Furthermore, we reiterate that the September 20, 2019 notice of claim (like the June 3, 2014 notice of the PIP Claim) states that Macklin was an employee of Happy Child on the date of the alleged accident, and thus, coverage under the SPARTA Policy is excluded as set forth in declination of coverage dated September 27, 2019. In that regard, we once again note that the SPARTA Policy provides, in pertinent part, as follows:

**A. Exclusions**

This insurance does not apply to any of the following:



* * *



2

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 11                                                     RECEIVED NYSCEF: 06/03/2020

**4.  Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a.  An "employee" of the "insured" arising out of and in the course of:

    (1)  Employment by the "insured"; or

    (2)  Performing the duties related to the conduct of the "insured's" business;...

<p align="center">*  *  *</p>

This exclusion applies:

    (1)  Whether the "insured" may be liable as an employer or in any other capacity; and

    (2)  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

<p align="center">*  *  *</p>

**5.  Fellow Employee**

"Bodily injury" to:

a.  Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business;...

<p align="center">*  *  *</p>

The policy provisions and issues which have been set forth above have been brought to the attention of Happy Child and Ms. Macklin so that they are fairly informed of their existence, and of the grounds for non-coverage which exist. This recitation is not necessarily exhaustive, however, and to the extent that a particular term, condition, limitation or exclusion has not been cited, or an issue not referenced, that was not intended to be (nor should it be considered as) a waiver of any rights which SPARTA may have under its policy.

Thank you for your attention to the foregoing.

Very truly yours,

JOHN D. McKENNA

JDM/AMP:jds
Enclosures



3

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

cc:    John J. Marzo
        Happy Child Transportation, LLC
        happychild1@verizon.net

        Amber Bishop, Claims Manager
        Capacity Group of NY
        abishop@capacityny.com

        Charmaine Brooks
        AIG Claims
        charmaine.brooks@aig.com

        Donohue Law Firm
        *Attorneys for Happy Child Transportation, LLC*
        rdonohue@donohue-law.com



FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 12

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

# Exhibit K

**FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM**
INDEX NO. 652230/2020

NYSCEF DOC. NO. 12

RECEIVED NYSCEF: 06/03/2020

# CARLTON FIELDS

ATTORNEYS AT LAW

**Chrysler Building**
405 Lexington Avenue | 36th Floor
New York, New York 10174-3699
212.785.2577 | fax 212.785.5203
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

February 4, 2020

**Via E-Mail**

Brian J. Isaac, Esq.
Pollack, Pollack, Isaac & De Cicco, LLP
225 Broadway, 3rd Floor
New York, NY 10007
bji@ppid.com

|  |  |  |
|---|---|---|
| Re: | Insured: | **Happy Child Transportation, L.L.C.** |
|  | Plaintiff: | **Tameake Macklin** |
|  | Matter: | ***Tameake Macklin v. Altfest Auto Leasing, Inc., et al.*** |
|  |  | **Supreme Court of the State of New York, Kings County; Index No. 241/2015** |
|  | Our File: | **8315372563US** |

Dear Mr. Isaac:

As you are aware, we represent Lexington Insurance Company ("Lexington") in connection with the above-referenced Lawsuit.[1]   This responds to your letter dated January 17, 2020 and supplements Lexington's prior correspondence, where applicable.[2]

We understand from your letter that Defendants Happy Child, All Star Bus Service Co., LLC ("All Star") and Levander Polk ("Polk") have assigned to Plaintiff all of their purported rights and interest against any insurance company in regards to Plaintiff's October 22, 2019 Judgment in the amount of $6,031,475 (the "Judgment") in the above-referenced Lawsuit.  The assignment does not reference defendant Altfest Auto Leasing, Inc. ("Altfest"), for which the verdict was rendered against, and the related Judgment also

---

[1] All capitalized terms not otherwise defined herein subscribe to the meaning set forth in Lexington's letter dated October 7, 2019.  Lexington's prior correspondence, which your co-counsel received and we assume was provided to you, is incorporated by reference as if fully set forth herein (the "Prior Correspondence"). We are happy to provide you with any of our Prior Correspondence concerning this matter if you do not have it.

[2] Although dated January 17, 2020, Plaintiff provided Lexington and its counsel with this letter (without attachments) by email on January 17, 2020 at 5:15 p.m., and provided the attachments to said correspondence on January 20, 2020.

Carlton Fields, P.A.
A Professional Corporation
Carlton Fields, P.A. practices law in California through Carlton Fields, LLP.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 12

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

February 4, 2020
Page 2 of 4

entered against.[3]  Please advise whether Altfest has entered into any assignment of rights as regards Plaintiff or if Plaintiff has sought recovery from Altfest and/or its insurers with respect to the Judgment.

As previously advised, the Lexington Policy is a commercial umbrella liability policy that applies only upon the exhaustion of the "Retained Amount", as defined by the Lexington Policy.  The "Retained Amount" includes, in pertinent part, the total applicable limits of "scheduled underlying insurance", self-insured retention(s), and any applicable "other insurance", which must be exhausted by the payment of damages to which the Lexington Policy applies before the policy is implicated.  Our understanding is that the "Retained Amount" underlying the Lexington Policy has not yet been exhausted in the manner required, and thus the Lexington Policy is not implicated at this time.[4]  Lexington reserves all rights on this basis and as set forth in our Prior Correspondence.

Moreover, for the reasons detailed in our Prior Correspondence, there is no coverage for the claims alleged in the Lawsuit pursuant to the terms, conditions and exclusions in the Lexington Policy and Sparta Policy.  Lexington maintains its disclaimer of coverage on these bases and, accordingly, there is no coverage for the related Judgment.[5]

In addition, please be advised that the Lexington Policy contains a broad mandatory arbitration provision which requires that any disagreement as to the interpretation of coverage under the Lexington Policy be submitted to binding arbitration as the sole and exclusive remedy.  A copy of the relevant arbitration provision is attached to this letter as Exhibit 1 for convenient review.  Lexington reserves all rights on this basis, including the right to commence arbitration with regard to any dispute pertaining to coverage for the Lawsuit and/or Judgment.

This correspondence is not, and should not be construed as, a waiver of any terms, conditions, exclusions or other provisions of the Lexington Policy, or any other policies

---

[3] None of the defendants in the Lawsuit, including Happy Family, provided notice or tendered coverage of the Lawsuit under the Lexington Policy.  Our understanding is that Altfest and All Star are not insureds under the Sparta Policy or the Lexington Policy and, based on present information, it is not clear whether Polk would qualify as an insured.  Nonetheless, as set forth in the Prior Correspondence, the Sparta Policy contains a Fellow Employee Exclusion which precludes coverage for "bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.  To the extent Polk qualifies as an insured as an employee of Happy Child, coverage for the Judgment would be precluded under the Lexington Policy based upon the Fellow Employee Exclusion and Exclusion W, among other grounds previously asserted.  Accordingly, Lexington reiterates its disclaimer of coverage on these bases.

[4] As you are aware, Sparta, which issued the scheduled underlying insurance policy to the Lexington Policy, has denied coverage for the Lawsuit on various grounds.  We understand that Sparta maintains its denial of coverage with respect to the Judgment.

[5] Lexington's Prior Correspondence also reserved rights as to coverage on the grounds that there is no indication that the School Bus involved in the alleged accident was a covered "auto" under the Sparta Policy.  We have requested, but not yet been provided, with any information pertaining to the status of the School Bus as a covered "auto".  Thus, Lexington maintains its reservation of rights in this regard, including the right to disclaim coverage for the Judgment on this additional basis.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM

NYSCEF DOC. NO. 12

INDEX NO. 652230/2020

RECEIVED NYSCEF: 06/03/2020

February 4, 2020
Page 3 of 4

of insurance issued by Lexington or any of its affiliates.  Lexington expressly reserves all of its rights under the Lexington Policy, at law or in equity, with respect to the Lawsuit, the Judgment, the "high-low" agreement entered into by parties in the Lawsuit[6], and the assignment related to the Judgment.

If you have any questions about this letter or Lexington's coverage position, please feel free to contact me.

Sincerely,

/s/ Robert W. DiUbaldo

Robert W. DiUbaldo

Enclosure

cc:     Paul Koenigsberg
        pdk212@gmail.com
        *Attorneys for Plaintiff Tameake Macklin*

        Happy Child Transportation, LLC
        Happychild1@verizon.net

        Donohue Law Firm
        *Attorneys for Happy Child Transportation, LLC*
        Rdonohue@donohue-law.com

        Amber Bishop, Claims Manager
        Capacity Group of NY
        abishop@capacityny.com

        L'Abbate, Balkan, Colavita
        John D. McKenna, Esq.
        *Attorneys for Sparta*
        Jmckenna@lbcclaw.com

---

[6] Please advise as to when the "high-low" agreement was entered into and provide us with information concerning the same.  Lexington reserves all rights in this regard.

FILED: NEW YORK COUNTY CLERK 06/03/2020 07:27 PM
NYSCEF DOC. NO. 12

INDEX NO. 652230/2020
RECEIVED NYSCEF: 06/03/2020

February 4, 2020
Page 4 of 4

## EXHIBIT 1

**Lexington Policy, SECTION VI – CONDITIONS**

\*        \*        \*

### R.    Arbitration

Notwithstanding Condition Q. Service of Suit, above, in the event of a disagreement as to the interpretation of this policy (except with regard to whether this policy is void or voidable), it is mutually agreed that such dispute shall be submitted to binding arbitration before a panel of three (3) Arbitrators consisting of two (2) party-nominated (non-impartial) Arbitrators and a third (impartial) Arbitrator (hereinafter "umpire") as the sole and exclusive remedy.

The party desiring arbitration of a dispute shall notify the other party, said notice including the name, address and occupation of the Arbitrator nominated by the demanding party. The other party shall, within 30 days following receipt of the demand, notify in writing the demanding party of the name, address and occupation of the Arbitrator nominated by it. The two (2) arbitrators so selected shall, within 30 days of the appointment of the second Arbitrator, select an umpire. If the Arbitrators are unable to agree upon an umpire, the selection of the umpire shall be submitted to the Judicial Arbitration and Mediation Services (hereinafter, "JAMS"). The umpire shall be selected in accordance with Rule 15 (as may be amended from time to time) of the JAMS Comprehensive Arbitration Rules and Procedures for the selection of a sole arbitrator.

The parties shall submit their cases to the panel by written and oral evidence at a hearing time and place selected by the umpire. Said hearings shall be held within 30 days of the selection of the umpire. The panel shall be relieved of all judicial formality, shall not be obligated to adhere to the strict rules of law or of evidence, shall seek to enforce the intent of the parties hereto and may refer to, but are not limited to, relevant legal principles. The decision of at least two (2) of the three (3) panel members shall be binding and final and not subject to appeal except for grounds of fraud and gross misconduct by the Arbitrators. The award will be issued within 30 days of the close of the hearings. Each party shall bear expenses of its designated Arbitrator and shall jointly and equally share with the other the expense of the umpire and the arbitration.

The arbitration proceeding shall take place in the vicinity of the first Named Insured's mailing address as shown in the Declarations or such other place as may be mutually agreed by the first Named Insured and us. The procedural rules applicable to this arbitration shall, except as provided otherwise herein, be in accordance with the JAMS Comprehensive Arbitration Rules and Procedures.




# NYSCEF - New York County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 06/03/2020 07:27 PM. Please keep this notice as a confirmation of this filing.

**652230/2020**
**TAMEAKE MACKLIN, Individually and as ASSIGNEE of HAPPY CHILD TRANSPORTATION LLC, ALL STAR BUS SERVICE CO., LLC and LEVANDER POLK v. LEXINGTON INSURANCE COMPANY et al**
**Assigned Judge: None Recorded**

## Documents Received on   06/03/2020 07:27 PM

| Doc # | Document Type |
|-------|---------------|
| 1 | SUMMONS + COMPLAINT |
| 2 | EXHIBIT(S) A |
|   | Exhibit A - Judgment |
| 3 | EXHIBIT(S) B |
|   | Exhibit B - Assignment of Rights |
| 4 | EXHIBIT(S) C |
|   | Exhibit C - 10.1.19 Correspondence |
| 5 | EXHIBIT(S) D |
|   | Exhibit D - 9.18.19 Correspondence |
| 6 | EXHIBIT(S) E |
|   | Exhibit E - 10.1.19 Correspondence |
| 7 | EXHIBIT(S) F |
|   | Exhibit F - 10.4.19 Correspondence |
| 8 | EXHIBIT(S) G |
|   | Exhibit G - 9.27.19 Correspondence |
| 9 | EXHIBIT(S) H |
|   | Exhibit H - 9.28.19 Correspondence |
| 10 | EXHIBIT(S) I |
|   | Exhibit I - 1.17.20 Correspondence |
| 11 | EXHIBIT(S) J |
|   | Exhibit J - 1.31.20 Correspondence |
| 12 | EXHIBIT(S) K |
|   | Exhibit K - 2.4.20 Correspondence |

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956    Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, EFile@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile



# NYSCEF - New York County Supreme Court
# Confirmation Notice



**652230/2020**

**TAMEAKE MACKLIN, Individually and as ASSIGNEE of HAPPY CHILD TRANSPORTATION LLC, ALL STAR BUS SERVICE CO., LLC and LEVANDER POLK v. LEXINGTON INSURANCE COMPANY et al**

**Assigned Judge: None Recorded**

## Filing User

Brian J. Isaac | bji@ppid.com | 212-233-8100
225 Broadway, 3rd Floor, New York, NY 10007

## E-mail Notifications

An email regarding this filing has been sent to the following on 06/03/2020 07:27 PM:

**BRIAN J. ISAAC - bji@ppid.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Respondent | LEXINGTON INSURANCE COMPANY | No consent on record. |
| Respondent | SPARTA INSURANCE COMPANY | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956    Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, EFile@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile