UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMEAKE MACKLIN, Individually and as Assignee of HAPPY CHILD TRANSPORTATION LLC, ALL STAR BUS SERVICE CO., LLC, *and* LEVANDER POLK,

                Plaintiff,

– against –

LEXINGTON INSURANCE COMPANY and SPARTA INSURANCE COMPANY,

                Defendants.

**<u>ORDER</u>**
20-cv-5372 (ER)

<u>Ramos, D.J.</u>:

    Plaintiff Tameake Macklin ("Macklin") moves to compel Defendant Sparta Insurance Company ("Sparta") to produce several categories of documents. Doc. 128. Specifically, Macklin asks Sparta to produce (1) a predecessor insurance policy and complete underwriting file, unredacted; (2) documents relating to the retention and authority of Gallagher Basset, Sparta's third-party administrator; (3) prior bad faith claims against Sparta; and (4) documents that Sparta has withheld as privileged or otherwise non-discoverable. *Id.* Sparta opposes the motion to compel but appears willing to produce at least the first and second categories of documents and a limited subset of documents in the third category (albeit not the entirety of Macklin's request), subject to a protective order. *See* Doc. 137. It also disputes the accusations of inadequacies in its privilege log and defends its claims of privilege. *Id.*

    This Court previously directed the parties to enter into a protective order. Doc. 136-15 at 8:15–9:4, 15:1–6. Sparta accordingly sent Macklin a draft proposed protective order (*see* Doc. 128-92, "the Proposed PO"), but Macklin rejected it as overbroad and overly burdensome (Doc. 128-96 at 3–4).

The Court again directs the parties to enter into a protective order. It has reviewed the Proposed PO and finds Macklin's objections without merit. Nonetheless, should the parties be unable to agree to a version of the Proposed PO, the Court reminds the Parties that a model confidentiality and protective order is available at https://nysd.uscourts.gov/model-confidentiality-and-protective-order.

The Court believes that many of the parties' concerns will be obviated once a protective party is entered and directs the parties to continue to meet and confer as to the issues raised in Macklin's motion. The parties are strongly encouraged to resolve these disputes between themselves without judicial intervention. To the extent that the parties remain nonetheless unable to resolve their disputes, the parties may file a joint letter motion detailing the precise issues which will require judicial intervention.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 128 and 143.[1]

It is SO ORDERED.

Dated:   May 15, 2023
         New York, New York

                                                    _____
                                                         Edgardo Ramos, U.S.D.J.

---

[1] The Court also grants Plaintiff's motion to withdraw its previously filed letter motion for reconsideration, Doc. 138.